NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-3415

COOK, APPELLANT, *v.* THE STATE OF OHIO, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cook v. State,* Slip Opinion No. 2016-Ohio-3415.]**

*Habeas corpus—Appellant is no longer imprisoned and failed to attach commitment papers pursuant to R.C. 2725.04(D)—Court of appeals' dismissal of petition for writ affirmed.*

(No. 2015-1310—Submitted March 8, 2016—Decided June 16, 2016.)

APPEAL from the Court of Appeals for Allen County,

No. 1-15-21.

_____

**Per Curiam.**

{¶ 1} Appellant, Tony D. Cook, appeals from the judgment of the Third District Court of Appeals dismissing his petition for a writ of habeas corpus. Because he is not in prison or otherwise restrained of his liberty, he is not eligible for habeas corpus relief and we affirm the court of appeals' judgment.

***Relevant Background***

**{¶ 2}** In 1997, Cook pleaded guilty to one count of gross sexual imposition in Allen County. The trial court sentenced him to 18 months in prison and after a classification hearing, adjudicated him a sexual predator under the version of R.C. 2950.09(B)(1) then in effect. We upheld his sexual-predator classification. *State v. Cook*, 83 Ohio St.3d 404, 426, 700 N.E.2d 570 (1998).

**{¶ 3}** Cook served his prison sentence and was released by the institution but is still subject to the reporting requirements imposed as a result of having been adjudicated a sexual predator. *State v. Cook*, 3d Dist. Allen No. 1-15-21 (July 2, 2015). On April 20, 2015, he filed a petition for a writ of habeas corpus in the court of appeals, seeking an order striking his "reclassification as a sexual predator applied under the newly enacted Megan[']s Law and the AWA act."

**{¶ 4}** Appellee, the state of Ohio, filed a motion to dismiss, arguing that the court of appeals lacked jurisdiction to grant habeas relief because Cook is not in custody in Allen County. The court of appeals subsequently dismissed the petition for three reasons: Cook is not in custody or restrained of his liberty, the petition contained no "allegation directed to how or why the 'State of Ohio' is named as [a] party," and Cook failed to attach his commitment papers to the petition in violation of R.C. 2725.04(D). *Cook*, 3d Dist. Allen No. 1-15-21, at 1-2.

***Analysis***

**{¶ 5}** We affirm the court of appeals' judgment dismissing Cook's petition for a writ of habeas corpus. He is no longer imprisoned or restrained of his liberty, as is required before a court may grant a writ of habeas corpus, R.C. 2725.01. In addition, Cook's petition contained numerous procedural deficiencies that violate R.C. 2725.04.

**{¶ 6}** A person is not eligible for a writ of habeas corpus unless he is "unlawfully restrained of his liberty." R.C. 2725.01; *see Larsen v. State*, 92 Ohio St.3d 69, 748 N.E.2d 72 (2001). When Cook filed his petition, he had been released

from incarceration for the conviction for which his sex-offender reporting duties were imposed.  In fact, in a supplemental pleading that he filed after his petition, he listed his address as 4937 Sierra Drive, Lot A, Pensacola, Florida 32526.  Because Cook is challenging the registration requirement and not his incarceration and because he is no longer physically confined for the conviction to which his reporting duties attached, he is not entitled to a writ of habeas corpus.  *State ex rel. Smirnoff v. Greene*, 84 Ohio St.3d 165, 167-168, 702 N.E.2d 423 (1998).

{¶ 7} In addition, Cook's petition was subject to dismissal because he failed to attach to it any commitment papers in violation of R.C. 2725.04(D).  A failure to comply with R.C. 2725.04(D) is fatal to a petition for a writ of habeas corpus.  *State ex rel. Al'shahid v. Cook*, 144 Ohio St.3d 15, 2015-Ohio-2079, 40 N.E.3d 1073, ¶ 8.  Thus, even if he had been imprisoned or restrained of his liberty at the time he filed his petition, Cook's failure to attach commitment papers in compliance with R.C. 2725.04(D) is a sufficient basis on which to dismiss his petition.

{¶ 8} Finally, Cook has not claimed that the sentencing court lacked jurisdiction to sentence him and adjudicate him a sexual predator.  Rather, he argues that he has been unlawfully reclassified under Megan's Law and/or Ohio's Adam Walsh Act.  "The few situations in which habeas corpus may lie to correct a nonjurisdictional error are those in which there is no adequate remedy at law."  *Appenzeller v. Miller*, 136 Ohio St.3d 378, 2013-Ohio-3719, 996 N.E.2d 919, ¶ 9.  Cook had available—and has used—other remedies to challenge his sex-offender classification.  In fact, he appealed his sex-offender classification to this court, and we upheld the classification.  *Cook*, 83 Ohio St.3d at 426, 700 N.E.2d 570.  And " '[w]here a plain and adequate remedy at law has been unsuccessfully invoked, extraordinary relief is not available to relitigate the same issue.' "  *State ex rel. O'Neal v. Bunting*, 140 Ohio St.3d 339, 2014-Ohio-4037, 18 N.E.3d 430, ¶ 15, quoting *Childers v. Wingard*, 83 Ohio St.3d 427, 428, 700 N.E.2d 588 (1998).

{¶ 9} For the foregoing reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Tony D. Cook, pro se.

Michael DeWine, Attorney General, and Paul Kerridge, Assistant Attorney General, for appellee.

_____