[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Wills v. Turner,* Slip Opinion No. 2017-Ohio-6874.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-6874

WILLS, APPELLANT, *v.* TURNER, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Wills v. Turner,* Slip Opinion No. 2017-Ohio-6874.]

*Habeas corpus—Sentencing errors are not jurisdictional and are not cognizable in habeas corpus—Error caused by failure to file a criminal complaint is not cognizable in habeas corpus—Inmate failed to comply with mandatory filing requirements—Court of appeals' denial of writ affirmed.*

(No. 2016-1303—Submitted May 16, 2017—Decided July 25, 2017.)

APPEAL from the Court of Appeals for Marion County,

No. 9-16-18.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Third District Court of Appeals dismissing the petition of appellant, Jeffrey A. Wills, for a writ of habeas corpus.

{¶ 2} According to his petition, Wills was indicted for rape in 1988. He entered a plea of not guilty and was released on bond. In 1989, the trial court

revoked his bond and issued an arrest warrant, but police did not arrest Wills until 2003. In 2004, he pleaded guilty to an amended rape charge, was convicted, and was sentenced to a term of 10 to 25 years' imprisonment. He is presently incarcerated in the North Central Correctional Institution, and his maximum sentence expires on October 14, 2028.

{¶ 3} On April 26, 2016, Wills filed a petition for a writ of habeas corpus in the Third District Court of Appeals, asserting flaws in the charging instrument and his sentence. Respondent, Neil Turner, the warden of North Central Correctional Institution, filed a motion to dismiss. The court of appeals granted the motion, finding that Wills's petition did not comply with the mandatory filing requirements of R.C. 2725.04(D) and 2969.25 and that his claims were not cognizable in habeas corpus.

{¶ 4} Habeas corpus "will lie only to challenge the jurisdiction of the sentencing court. R.C. 2725.05. The few situations in which habeas corpus may lie to correct a nonjurisdictional error are those in which there is no adequate remedy at law." *Appenzeller v. Miller*, 136 Ohio St.3d 378, 2013-Ohio-3719, 996 N.E.2d 919, ¶ 9.

{¶ 5} Wills alleges two grounds for habeas relief. First, he objects to the trial court's sentencing him under the law in effect at the time of his 1988 indictment, rather than the law in effect at the time of his 2004 guilty plea, which would have resulted in a shorter sentence. Second, he claims that the trial court lacked jurisdiction over his case because the state never filed a complaint or a properly sworn affidavit against him.

{¶ 6} Neither claim is cognizable in this action. "[S]entencing errors are not jurisdictional and are not cognizable in habeas corpus." *Majoros v. Collins*, 64 Ohio St.3d 442, 443, 596 N.E.2d 1038 (1992). Likewise, "[a]ny alleged error caused by the failure to file a criminal complaint is not cognizable in habeas corpus"

when the defendant "was convicted and sentenced upon an indictment." *State ex rel. Jackson v. Brigano*, 88 Ohio St.3d 180, 181, 724 N.E.2d 424 (2000).

**{¶ 7}** Wills also challenges the court of appeals' decision to dismiss his petition for his noncompliance with R.C. 2725.04(D) and 2969.25. When filing a habeas corpus petition, inmates are statutorily required to attach a copy of their commitment papers, R.C. 2725.04(D). Moreover, for a petition filed in the court of appeals, as here, the inmate must file an affidavit listing all federal and state civil actions or appeals of civil actions filed in the previous five years, R.C. 2969.25(A), and, if applicable, an affidavit of indigency with supporting financial disclosure statements, R.C. 2969.25(C)(1) and (2). Noncompliance with any of these requirements is fatal and provides a sufficient basis for dismissing a petition. *See Cook v. State*, __ Ohio St.3d __, 2016-Ohio-3415, __ N.E.3d __, ¶ 7 (R.C. 2725.04(D)); *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5 (R.C. 2969.25).

**{¶ 8}** In his initial brief, Wills asserted that he filed his petition "with all the required attached documents." However, the record does not bear out Wills's assertion: he did not attach any of the required documents. Alternatively, he asks the court to afford him leniency in complying with these statutory requirements in light of his status as a pro se petitioner. But " '[i]t is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.' " *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (10th Dist.2001).

**{¶ 9}** Accordingly, we affirm the judgment of the court of appeals dismissing Wills's petition for a writ of habeas corpus.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, and DEWINE, JJ., concur.

O'NEILL, J., concurs in judgment only.

FISCHER, J., not participating.

_____

Jeffrey A. Wills, pro se.

Michael DeWine, Attorney General, and M. Scott Criss, Assistant Attorney General, for appellee.

_____