[Cite as *Albrecht v. Franklin Cty. Court of Appeals*, 2018-Ohio-4008.]

IN THE COURT OF APPEALS OF OHIO
TENTH APPELLATE DISTRICT
FRANKLIN COUNTY

David Albrecht

Petitioner

v.

Franklin County Court of
Appeals of Ohio, Tenth
Appellate District, et al.

Respondents

Court of Appeals No. 18 AP 510

**DECISION AND JUDGMENT**

Decided: October 2, 2018

* * * * *

David Albrecht, pro se.

Ron O'Brien, Franklin County Prosecuting Attorney, and Bryan B.
Lee, Assistant Prosecuting Attorney, for respondents Franklin
County Court of Common Pleas, Division of Domestic Relations,
Juvenile Branch and Franklin County Child Support Enforcement
Agency.

Mike DeWine, Ohio Attorney General, Tiffany L. Carwile and
Andrew Fraser, Assistant Attorneys General, for respondent Ohio
Department of Job and Family Services.

* * * * *

**OSOWIK, J.**

{¶ 1} This original action began with the filing of a petition for a writ of habeas corpus in the Tenth District Court of Appeals on June 22, 2018. The petitioner, David Albrecht, identified three respondents: The Franklin County Court of Appeals; the Franklin County Court of Common Pleas, Domestic Relations Division, Juvenile Branch ("the Juvenile Court"); and the Franklin County Child Support Enforcement Agency ("FCCSEA"). The Ohio Supreme Court assigned the case to the Sixth District Court of Appeals.

{¶ 2} In his complaint, Albrecht challenged the respondents' legal authority to order him to pay child support. The respondents moved to dismiss the petition on multiple grounds, and Albrecht responded with a motion to strike.

{¶ 3} On July 30, 2018, Albrecht filed an amended petition for a writ of habeas corpus.[1] Albrecht added two respondents (The Ohio Department of Jobs and Family Services and the United States Department of Health & Human Services). He omitted the previously-named Franklin County Court of Appeals. In addition to his request for a writ of habeas corpus, Albrecht added seven new claims: equitable estoppel against ODJFS (Count 1); duress against ODJFS (Count 2); fraud against ODJFS (Count 3);

---

[1] The complete caption of Albrecht's pleading is: "Amended Complaint Demand Non-Statutory Great Writ of Habeas Corpus Restraint on Liberties 'Common Law' Void Judgment C.P.C. No. 17 JU-3219 Case No. 17AP-788 Conflict of Interest Ex Contractu Cucam Non Judice Demand for Jury Trial." Albrecht's amended petition was timely under Civ.R. 15(A), which provides that a party may "amend its pleading once as a matter of course within * * * twenty-eight days after service of a motion [to dismiss]."

2.

misrepresentation against unidentified respondents (Count 4); a "civil rights violation" against the juvenile court (Count 5); a denial of due process against each respondent (Count 6); and a separation of powers violation against each respondent (Count 7).

{¶ 4} The 31-page amended petition is wandering and difficult to understand, but the following is a summary Albrecht's factual allegations:

ODJFS threatened Albrecht "that [Albrecht's] heirs would not be released from the hospital [if he did not sign] an acknowledgement of paternity"; ODJFS committed fraud by telling Albrecht that he was required to acknowledge paternity; and the agency is responsible for legally separating him from his heirs.

The juvenile court threatened Albrecht with jail if he did not pay child support, and it "prevented [him] access to his children." Albrecht argues that the child support order is "void" but fails to identify the contents of that order or to explain why it is a legal nullity.

Albrecht complains of a "fraudulent monthly debt obligation to the state via county collection by force, duress and coercion."

{¶ 5} In his demand for relief, Albrecht seeks the immediate termination of "any" child support order; the restoration of his driver's license; a refund of $18,000; the restoration of his parental rights; one million dollars to each of his heirs, and 12.8 million dollars for himself "in gold and silver."

3.

**{¶ 6}** Excluding the U.S. Department of Health and Human Services, all of the respondents moved to dismiss the amended petition pursuant to Civ.R. 12(B)(1) ("lack of jurisdiction over the subject matter") and/or Civ.R. 12(B)(6) ("failure to state a claim upon which relief can be granted"). [2] Though not named in the amended petition, The Franklin County Court of Appeals also moved to dismiss the case, arguing, in part, that because courts are not sui juris, it could not be sued. In response, Albrecht moved to strike "any" motion to dismiss. More recently, Albrecht filed a "demand" that 14 individuals, who are not parties to the lawsuit, be required to register as foreign agents.

**{¶ 7}** For the reasons set forth below, the respondents' motions to dismiss the amended petition are granted, and the case is dismissed. All other motions and pending items are denied as moot.

### Law and Analysis

**{¶ 8}** We begin with respondents' argument that Albrecht's petition must be dismissed for failing to state a claim upon which relief can be granted. In order for a court to dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to the relief sought. *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12. When a trial court considers a Civ.R. 12(B)(6) motion to dismiss, it must review only the complaint, accepting all factual allegations contained

---

[2] The docket does not reflect that the Department of Health and Human Services was served with the amended petition.

4.

in the complaint as true and making all reasonable inferences in favor of the nonmoving party. *State ex rel. Talwar v. State Med. Bd. of Ohio*, 104 Ohio St.3d 290, 2004-Ohio-6410, 819 N.E.2d 654, ¶ 5. This same standard applies in cases involving claims for habeas corpus. *Boles v. Knab*, 130 Ohio St.3d 339, 2011-Ohio-5049, 958 N.E.2d 554, ¶ 2 ("Dismissal under Civ.R. 12(B)(6) for failure to state a claim was warranted because after all factual allegations of Boles's petition were presumed to be true and all reasonable inferences therefrom were made in his favor, it appeared beyond doubt that he was not entitled to the requested extraordinary relief in habeas corpus").

{¶ 9} Habeas corpus petitions are governed by R.C. 2725.01. A habeas corpus petition must conform to certain statutory requirements. That is, it must be signed and verified, and it must specify: (A) that the petitioner is imprisoned or restrained of his liberty; (B) the name of the person restraining the petitioner, if known; (C) the place the petitioner is imprisoned or restrained, if known; and (D) it must include a copy of the commitment papers, if the commitment papers can be obtained without impairing the efficiency of the remedy. R.C. 2725.04.

{¶ 10} A person is not eligible for a writ of habeas corpus unless he is "unlawfully restrained of his liberty." R.C. 2725.01; *See, e.g., Cook v. State*, 150 Ohio St.3d 96, 2016-Ohio-3415, 79 N.E.3d 516, ¶ 6-7 (Because Cook is no longer physically confined, he is not entitled to a writ of habeas corpus). *See also Larsen v. State*, 92 Ohio St.3d 69, 748 N.E.2d 72 (2001) and *State ex rel. Smirnoff v. Greene*, 84 Ohio St.3d 165, 167-168, 702 N.E.2d 423 (1998). In this case, although Albrecht refers to his "illegal confinement

5.

not just physical confinement" and claims that his "liberties have been restrained," his use of those terms, by all indication, is not literal. That is, Albrecht does *not* claim that he is in jail or imprisoned or that he is being otherwise physically detained. Moreover, he identifies no criminal actions against him for which he could have conceivably been imprisoned, and his prayer for relief does not include his "release" from any institution. The underlying nature of Albrecht's claims involve a dispute over child support. Because Albrecht alleges no unlawful restraint of his liberty, his petition for a writ of habeas corpus fails to state a claim for which relief may be granted.

{¶ 11} Moreover, even if Albrecht had asserted that his liberties were, in fact, restrained, his failure to attach any commitment papers to his complaint "is fatal to a petition for a writ of habeas corpus." *State ex rel. Al'shahid v. Cook*, 144 Ohio St.3d 15, 2015-Ohio-2079, 40 N.E.3d 1073, ¶ 8 (Failure to attach commitment papers is a sufficient basis on which to dismiss his petition.). *See also Tucker v. McAninch*, 82 Ohio St.3d 423, 696 N.E.2d 595 (1998) (Affirming this court's dismissal of a habeas corpus petition under Civ.R. 12(B)(6) where petitioner did not attach commitment papers). The absence of commitment papers in this case also renders Albrecht's habeas corpus petition fatally flawed and must therefore be dismissed.

{¶ 12} Next, we consider the respondents' argument that the balance of Albrecht's amended petition, in which he brings seven claims for relief, must be dismissed pursuant to Civ.R. 12(B)(1) because the court lacks subject-matter jurisdiction over them. "The standard of review for a dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of

6.

action cognizable by the forum has been raised in the complaint." *State ex rel. Bush*, 42 Ohio St.3d 77, 80 537 N.E.2d 641 (1989).

{¶ 13} The power of a court of appeals to hear an original action is derived from Section 3, Article IV of the Ohio Constitution, which provides that courts of appeal shall have original jurisdiction in (1) quo warranto, (2) mandamus, (3) habeas corpus, (4) prohibition, (5) procedendo, and (6) in any cause on review as may be necessary to its complete determination. *See e.g., State ex re. Hanson v. Guernsey County Bd. of Commr.,* 65 Ohio St.3d 545, 605 N.E.2d 378 (1992) ("Where a petition filed in the Supreme Court or in the Court of Appeals is in the form of a proceeding in mandamus but the substance of the allegations makes it manifest that the real object of the relator is for an injunction, such a petition does not state a cause of action in mandamus and since neither the Supreme Court nor the Court of Appeals has original jurisdiction in injunction the action must be dismissed for want of jurisdiction."). *See also State ex rel. Edwards v. Toledo City Sch. Dist. Bd. of Educ.*, 72 Ohio St.3d 106, 110, 647 N.E.2d 799 (1995) ("[I]t is axiomatic that courts of appeals lack original jurisdiction over declaratory judgment actions. * * * Since Edwards's claim for declaratory judgment is so obviously inappropriate * * * the court of appeals' *sua sponte* dismissal of the complaint is affirmed as to that claim.")

{¶ 14} Here, while Albrecht's petition is captioned in the form of a habeas corpus proceeding, he includes claims for equitable estoppel, duress, fraud, misrepresentation, and violations of his civil rights, due process, and separation of powers. None of those fit

7.

within the limited description of Section 3, Article IV of the Ohio Constitution.  As such, this court does not have original jurisdiction to adjudicate them.  Accordingly, we dismiss them for lack of jurisdiction pursuant to Civ.R. 12(B)(1).

{¶ 15} Finally, for the record, we note that the Franklin County Court of Appeals is no longer a party to the case by virtue of Albrecht's failure to name it in the amended complaint.  "When a party files an amended complaint under Civ.R. 15(A) and fails to include a party that was named in the original complaint, the omitted party is dropped from the case.  *S. Ohio Risk Mgmt. v. Michael*, 4th Dist. Jackson No. 05CA11, 2005-Ohio-5862, ¶ 8.  *See also Kowalski v. Phong*, 2d Dist. Montgomery No. 27577, 2017-Ohio-9310, ¶ 17 ("As a matter of law, the effect of the [plaintiff] filing their amended complaint, omitting [the originally named party] as a defendant, was to abandon the action as to [him].").

{¶ 16} For the reasons set forth above, the respondents' motions to dismiss Albrecht's amended petition are granted.  All other motions and pending items are denied as moot.  Court costs are assessed to Albrecht.

Writ denied.

8.

Thomas J. Osowik, J.     _____

                    JUDGE

James D. Jensen, J.

                 _____

Christine E. Mayle, P.J.            JUDGE
CONCUR.

                 _____

                    JUDGE

Judges Thomas J. Osowik, James D. Jensen and Christine E. Mayle, Sixth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.