NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4184

THE STATE EX REL. CANNON, APPELLANT, *v*. MOHR, DIR., ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cannon v. Mohr,*

Slip Opinion No. 2018-Ohio-4184.]

*Habeas corpus—Petition failed to comply with R.C. 2725.04(D)—Petitioner is not entitled to immediate release—Court of appeals' dismissal of petition for writ affirmed.*

(No. 2017-1640—Submitted April 24, 2018—Decided October 17, 2018.)

APPEAL from the Court of Appeals for Marion County, No. 9-17-32.

_____

**Per Curiam.**

{¶ 1}  Appellant, Larry Cannon, appeals the Third District Court of Appeals' dismissal of his petition for a writ of habeas corpus.  We affirm.

*I.  Background*

{¶ 2}  On June 30, 2009, Cannon pleaded guilty in Summit County Common Pleas Court to multiple theft offenses and was sentenced to consecutive definite terms totaling 4½ years.  *State v. Cannon*, Summit C.P. No. CR-2009-04-1330A.  And on June 16, 2010, he pleaded guilty to four charges in two separate

cases in Cuyahoga County Common Pleas Court and received a total aggregate sentence of 2 years, to be served concurrently with the sentence in the Summit County case. *State v. Cannon*, Cuyahoga C.P. No. CR-535418; *State v. Cannon*, Cuyahoga C.P. No. CR-535419.

{¶ 3} On August 17, 2017, Cannon filed in the Third District Court of Appeals a petition for a writ of habeas corpus against appellees, Gary Mohr, director of the Ohio Department of Rehabilitation and Correction, Andre Imbrogno, chair of the Ohio Parole Board, and Lyneal Wainwright, warden of the Marion Correctional Institution. Cannon alleged that because as of July 28, 2014, he had served the 4½-year sentence for the Summit County convictions and the concurrent 2-year sentence for the Cuyahoga County convictions, he was entitled to immediate release.

{¶ 4} Appellees filed a motion to dismiss or, in the alternative, a motion for summary judgment. They argued that the petition was procedurally defective and that Cannon was not entitled to immediate release, because he was incarcerated for convictions in addition to those mentioned above and his maximum sentence for those additional convictions will not expire until July 12, 2032.

{¶ 5} The court of appeals dismissed Cannon's petition for a host of procedural and substantive reasons. Most significantly, the court faulted Cannon for his failure to attach all his commitment papers, in violation of R.C. 2725.04(D). In addition, the court held that the record did not support Cannon's claim for immediate release:

> The petition and attachments clearly reflect that Petitioner is detained under multiple indefinite sentences that do not expire until July 12, 2032. Petitioner's calculation fails to account for parole revocations and additional sentences, imposed by the Cuyahoga

2

County Court of Common Pleas, that are required to be served consecutive to the sentence imposed by Summit County.

Cannon appealed.

## II. Analysis

### A. The petition failed to comply with R.C. 2725.04(D)

**{¶ 6}** A petition for a writ of habeas corpus must include "[a] copy of the commitment or cause of detention of such person." R.C. 2725.04(D). To comply with this rule, an inmate must attach all pertinent papers that caused his commitment, including sentencing entries and parole-revocation decisions. *See State ex rel. Finfrock v. Ohio Adult Parole Auth.*, 80 Ohio St.3d 639, 640, 687 N.E.2d 761 (1998). Failure to comply with R.C. 2725.04(D) is fatal to a habeas corpus petition. *Cook v. State*, 150 Ohio St.3d 96, 2016-Ohio-3415, 79 N.E.3d 516, ¶ 7.

**{¶ 7}** Cannon attached to his petition the sentencing entries in Summit County Common Pleas Court case No. CR-2009-04-1330A and Cuyahoga County Common Pleas Court case Nos. CR-535418 and CR-535419. But he also attached documents that demonstrated the petition was missing relevant commitment papers; the documents indicated that Cannon still had prison time to serve for other convictions for which he did not provide documentation.

**{¶ 8}** For example, Cannon attached records showing that in early 1975, he was sentenced to a term of 1 to 15 years in prison after pleading guilty to one count of robbery, *State v. Cannon*, Cuyahoga C.P. No. CR-10486, and later that year, he was sentenced to a term of 2 to 15 years for another robbery offense. *State v. Cannon*, Cuyahoga C.P. No. CR-16618. Thus, as of 1975, Cannon had a maximum sentence of at least 30 years.

**{¶ 9}** Cannon admits that after serving "part" of those sentences, he was granted parole and that "[d]uring his term of parole supervision, he violated parole

numerous times and was returned to prison." His petition demonstrates that in 1983, he received concurrent sentences of 2 to 5 years after being convicted of receiving stolen property and breaking and entering. *State v. Cannon*, Cuyahoga C.P. No. CR-178753B; *State v. Cannon*, Cuyahoga C.P. No. CR-178828A. And in 1985, he pleaded guilty to one count of escape, with specifications, and was sentenced to a term of 1½ to 5 years. *State v. Cannon*, Cuyahoga C.P. No. CR-197575.

{¶ 10} To be entitled to a writ of habeas corpus, a party must show that he is being unlawfully restrained of his liberty, R.C. 2725.01, and that he is entitled to immediate release from prison or confinement, *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 8. To state a claim for habeas relief and satisfy the Revised Code filing requirements, Cannon needed to submit complete records of his incarcerations and releases. Absent those records, it is impossible to determine how much prison time he actually served and therefore impossible to conclude that he completed his sentences and is entitled to immediate release. The court of appeals correctly determined that Cannon's petition was defective on its face because some of his commitment papers were missing *and* because it did not allege sufficient facts to show that he was entitled to immediate release.

### B. Cannon's arguments on appeal

{¶ 11} Cannon's legal arguments are mostly unresponsive to the problems identified by the court of appeals. For example, he argues, citing federal case law, that his confinement for violating parole is unlawful because he is no longer subject to parole supervision for any of his convictions. But that argument merely underscores the defect in his pleadings: he should have attached all his release papers in order to demonstrate that he completed all his sentences. Alternatively, Cannon notes that his assigned prisoner number remains the one he received after his Summit County convictions, which he argues proves that he was not

4

reincarcerated for any other convictions. However, evidence regarding his prisoner number is not a substitute for the complete records required by R.C. 2725.04(D).

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Larry Cannon, pro se.

Michael DeWine, Attorney General, and Maura O'Neill Jaite, Assistant Attorney General, for appellees.

_____