[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Norris v. Wainwright,* Slip Opinion No. 2019-Ohio-4138.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-4138

THE STATE EX REL. NORRIS, APPELLANT, *v.* WAINWRIGHT, WARDEN, APPELLEE.

THE STATE EX REL. NORRIS, APPELLANT, *v.* OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, BUREAU OF SENTENCE COMPUTATION, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Norris v. Wainwright,* Slip Opinion No. 2019-Ohio-4138.]**

*Habeas corpus—Mandamus—Inmate failed to comply with requirements of R.C. 2725.04(D) and had adequate remedy at law to challenge sentence—Court of appeals' dismissal of petition affirmed.*

(Nos. 2019-0235 and 2019-0236—Submitted July 9, 2019—Decided October 10, 2019.)

APPEAL from the Court of Appeals for Marion County, No. 9-18-34.

APPEAL from the Court of Appeals for Marion County, No. 9-18-33.

_____

**Per Curiam.**

{¶ 1} These two appeals, which we consolidate for decision, arise out of the same underlying criminal case. In case No. 2019-0235, appellant, Robert Lee Norris, appeals the dismissal of his complaint for a writ of habeas corpus. And in case No. 2019-0236, he appeals the dismissal of his complaint for a writ of mandamus. We affirm both judgments.

## Criminal-Case Background

{¶ 2} In September 1993, the Stark County Court of Common Pleas sentenced Norris to 15 to 25 years in prison for rape and 15 to 25 years in prison for kidnapping, to be served consecutively. The trial court later sentenced Norris to an additional 15-to-25-year prison term for a second rape count, to be served consecutively to the other sentences. The court of appeals affirmed the convictions and sentences. *State v. Norris*, 5th Dist. Stark No. CA-9436, 1995 WL 160552 (Feb. 21, 1995). The trial court issued nunc pro tunc entries to correct various errors in 1994, 1995, and 1998.

## Habeas Case (No. 2019-0235)

### *Procedural History*

{¶ 3} In October 2018, Norris filed a petition for a writ of habeas corpus in the Third District Court of Appeals naming appellee Lyneal Wainwright, warden of the Marion Correctional Institution, as respondent. Norris claimed that his sentences for the rape convictions were to be served concurrently with each other and consecutively to his sentence for the kidnapping conviction. Thus, he claimed he is entitled to habeas relief on the rape sentences because, he argues, he had completed the maximum 25-year term for those convictions.

{¶ 4} The warden moved to dismiss the petition for failure to state a claim pursuant to Civ.R. 12(B)(6). The court of appeals granted the motion to dismiss over Norris's objections in January 2019, holding that Norris had failed to attach all of his commitment papers to his petition as required by R.C. 2725.04(D). The

court also concluded that Norris's claim was not cognizable in habeas corpus because he had an adequate remedy at law. Norris filed a timely appeal.

*Analysis*

**{¶ 5}** A writ of habeas corpus is warranted in certain circumstances when "there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law." *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99, 666 N.E.2d 1091 (1996). We review dismissals under Civ.R. 12(B)(6) de novo. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8.

**{¶ 6}** R.C. 2725.04(D) requires an inmate to attach a "copy of the commitment or cause of detention" to his petition for a writ of habeas corpus. Norris attached to his petition nunc pro tunc entries filed in 1994 and 1998, but he failed to attach the original sentencing entry or the 1995 nunc pro tunc entry. To state a claim for habeas relief and satisfy the Revised Code's filing requirements, a petitioner must submit "complete records of his incarcerations and releases." *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10.

**{¶ 7}** Generally, a habeas petitioner's failure to comply with the applicable statutory requirements warrants dismissal of the petition. *Wills v. Turner*, 150 Ohio St.3d 379, 2017-Ohio-6874, 81 N.E.3d 1252, ¶ 7. Norris argues that his claims are based solely on the 1998 nunc pro tunc entry and the accompanying criminal appearance docket, both of which he attached to his petition and set forth the cause of Norris's confinement as required by R.C. 2725.04(D).

**{¶ 8}** In *Workman v. Shiplevy*, we affirmed the dismissal of a habeas petition when the petitioner had attached a nunc pro tunc entry referring to nine criminal cases but had not attached any of the judgment entries issued in those cases. 80 Ohio St.3d 174, 685 N.E.2d 231 (1997). Even though the petitioner's argument mainly involved the attached nunc pro tunc entry, it was impossible to

have a complete understanding of his claims in the absence of all the other judgment entries. *Id.* at 174-175. Likewise, here, it is impossible to have a complete understanding of Norris's claims because he failed to comply with the letter of R.C. 2725.04(D).

{¶ 9} Even if Norris had complied with the statute's procedural requirements, however, he fails to state a claim in habeas corpus. Norris contends that the trial court's "journal" imposed concurrent sentences for his rape convictions, rather than consecutive sentences as stated in the 1998 nunc pro tunc entry, and argues that the criminal appearance docket controls. But Norris acknowledges that he must still serve his prison term for kidnapping; he does not contend he is entitled to immediate release. "[H]abeas corpus is proper in the criminal context only if the petitioner is entitled to immediate release from prison or some other physical confinement." *Scanlon v. Brunsman*, 112 Ohio St.3d 151, 2006-Ohio-6522, 858 N.E.2d 411, ¶ 4. If a petitioner claims he is entitled to an earlier release date but not to immediate release from prison, he does not state a cognizable claim in habeas corpus. *Johnson v. Crutchfield*, 140 Ohio St.3d 485, 2014-Ohio-3653, 20 N.E.3d 676, ¶ 7.

{¶ 10} For these reasons, we affirm the court of appeals' judgment dismissing Norris's petition for a writ of habeas corpus.

**Mandamus Case (No. 2019-0236)**

*Procedural History*

{¶ 11} In October 2018, Norris filed a petition for a writ of mandamus, naming appellee Bureau of Sentence Computation ("BSC") of the Department of Rehabilitation and Correction as respondent. Norris claims that his kidnapping sentence exceeded the statutory maximum of 15 years for that offense and that BSC should therefore modify that sentence to 8 years, which he argues is the maximum term allowed under current law. Norris also repeats an argument raised in his habeas case: that his sentences for the rape counts were to be served concurrently

with each other. Thus, he claims he is entitled to a writ of mandamus compelling BSC to consider the sentences for rape to be concurrent rather than consecutive.

{¶ 12} BSC moved to dismiss for failure to state a claim. The court of appeals granted BSC's motion over Norris's objections, holding that Norris had an adequate remedy at law to challenge any sentencing errors. The court also concluded that Norris was actually seeking immediate release and that habeas corpus, not mandamus, therefore is the proper cause of action. Norris filed a timely appeal.

*Analysis*

{¶ 13} To be entitled to a writ of mandamus, Norris must establish that he has a clear legal right to the requested relief, that BSC has a clear legal duty to provide it, and that he lacks an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

{¶ 14} A court may dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted "if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9.

{¶ 15} Norris contends that he was improperly sentenced for an aggravated first-degree kidnapping, rather than an aggravated second-degree kidnapping. Norris claims that the trial court had no authority to sentence him to 15 to 25 years in prison for kidnapping, citing former R.C. 2929.11(B)(2)(b), Am.Sub.S.B. No. 258, 143 Ohio Laws, Part I, 1308, 1433, which at the time of his conviction, prescribed a term of 8 to 15 years in prison for an aggravated second-degree felony with a prior-conviction specification. Therefore, Norris argues, BSC should be compelled to modify his sentence for kidnapping.

{¶ 16} Norris fails to state a claim in mandamus because he had an adequate remedy at law to challenge alleged sentencing errors. *State ex rel. Hughley v. McMonagle*, 123 Ohio St.3d 91, 2009-Ohio-4088, 914 N.E.2d 371 (affirming denial of a writ of mandamus to correct an alleged sentencing error because the relator had an adequate remedy at law by way of appeal or a petition for postconviction relief); *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 5 (a challenge to sentencing must be raised on appeal rather than in a mandamus action).

{¶ 17} Norris also reiterates the argument he makes in his habeas case—that the criminal appearance docket, which he considers the court's "journal," states that the rape sentences are to be served concurrently rather than consecutively. Norris contends that the trial court imposed concurrent sentences through its docket and that the docket—rather than the 1998 nunc pro tunc entry imposing consecutive sentences—controls.

{¶ 18} The court of appeals rejected Norris's argument, holding that a declaratory-judgment action is an adequate remedy at law that precludes mandamus relief. The court of appeals is incorrect, though, as we have held that an action may not be brought under the Declaratory Judgment Act, R.C. 2721.01 et seq., to seek a declaration of the meaning of a sentencing order. *State ex rel. Oliver v. Turner*, 153 Ohio St.3d 605, 2018-Ohio-2102, 109 N.E.3d 1204, ¶ 16.

{¶ 19} Nevertheless, we will not reverse a correct judgment even if it is based on an erroneous rationale. *Day v. Wilson*, 116 Ohio St.3d 566, 2008-Ohio-82, 880 N.E.2d 919, ¶ 4. Norris cannot state a claim for mandamus relief, because he "appears to be confusing journalization—documented by the judge's signature and the stamp of the clerk of court—with appearance on the docket," *State ex rel. Hopson v. Cuyahoga Cty. Court of Common Pleas*, 135 Ohio St.3d 456, 2013-Ohio-1911, 989 N.E.2d 49, ¶ 5. The criminal appearance docket is not the court's "journal." *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 337-338, 686 N.E.2d

267 (1997) ("A docket is not the same as a journal"). "It is the journal entries that are signed by the judge, not the docket entries, that control." *Cleveland v. Gholston*, 8th Dist. Cuyahoga No. 96592, 2011-Ohio-6164, ¶ 20, fn. 1; *see also State v. Inscho*, 2d Dist. Greene No. 2018-CA-27, 2019-Ohio-809, ¶ 20 (the court's journal entry—rather than the reference to the entry set forth on the computerized docket—controls). The 1998 nunc pro tunc entry imposed consecutive sentences, and it—rather than the criminal appearance docket—controls.

{¶ 20} Finally, the court of appeals concluded that Norris was effectively seeking immediate release from prison and that habeas corpus, rather than mandamus, is the proper vehicle to raise that claim. Norris claims that he "never sought nor asserted a right to immediate release from incarceration" and that he seeks only a corrected sentencing entry. Because Norris had an adequate remedy at law, a writ of mandamus is unavailable and we need not reach the question whether Norris was actually seeking immediate release and whether habeas, rather than mandamus, was the proper vehicle for this argument.

{¶ 21} The court of appeals correctly dismissed Norris's mandamus action for failure to state a claim.

Judgments affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DONNELLY, and STEWART, JJ., concur.

DEWINE, J., concurs in judgment only.

_____

Robert Lee Norris, pro se.

Dave Yost, Attorney General, and M. Scott Criss and Zachary M. Holscher, Assistant Attorneys General, for appellees.

_____