[Cite as *Durst v. Conway*, 2020-Ohio-51.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

McClain L. Durst                                          Court of Appeals No. H-19-022

    Relator

v.

James W. Conway                                          **DECISION AND JUDGMENT**

    Respondent                                       Decided: January 9, 2020

* * * * *

McClain L. Durst, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This matter is before the court on the petition of McClain L. Durst, a pro se inmate, for a writ of mandamus ordering respondent, Hon. James W. Conway, to rule on relator's "Motion to Compel" and "Motion for Extension of Time." Upon review, we find that relator's petition must be dismissed as fatally defective because it fails to comply with the requirements of R.C. 2969.25(C).

**{¶ 2}** R.C. 2969.25(C)(1) and (2) require an inmate to include "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier," and "[a] statement that sets forth all other cash and things of value owned by the inmate at that time." Here, while relator has submitted an affidavit of indigence, he does not include either of the statements required by R.C. 2969.25(C)(1) and (2).

**{¶ 3}** "Noncompliance with [R.C. 2969.25(C)] is fatal and provides a sufficient basis for dismissing a petition." *Willis v. Turner*, 150 Ohio St.3d 379, 2017-Ohio-6874, 81 N.E.3d 1252, ¶ 7. Therefore, relator's petition is facially defective.[1]

**{¶ 4}** Accordingly, upon due consideration, relator's petition for a writ of mandamus is not well-taken, and it is hereby dismissed. The costs of this action are assessed to relator.

**{¶ 5}** The clerk is directed to serve upon the parties, within three days, a copy of this decision in a manner prescribed by Civ.R. 5(B).

Writ denied.

---

[1] Moreover, relator has not captioned his petition "in the name of the state on the relation of the person applying" as required by R.C. 2731.04. *See Blankenship v. Blackwell*, 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382, ¶ 34-36 (an uncorrected failure to properly caption the petition for mandamus in accordance with R.C. 2731.04 is grounds for dismissal).

Mark L. Pietrykowski, J.                                               
_____
                                                               JUDGE

Arlene Singer, J.

                                                  
_____
Thomas J. Osowik, J.                                              JUDGE
CONCUR.

                                                  
_____
                                                               JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.