[Cite as *State ex rel. Lindsay v. Turner*, 2020-Ohio-146.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO, EX. REL,
WENDELL R. LINDSAY,                                    CASE NO. 9-19-45

    PETITIONER,

    v.

NEIL TURNER, WARDEN, ET AL.,                    O P I N I O N

    RESPONDENTS.

Appeal from Marion County Common Pleas Court
Trial Court No. 2019CV0322

**Judgment Affirmed**

**Date of Decision:  January 21, 2020**

APPEARANCES:

    *Wendell R. Lindsay,* **Appellant**

    *M. Scott Criss* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Petitioner-appellant Wendell R. Lindsay ("Lindsay") appeals the judgment of the Marion County Court of Common Pleas for dismissing his petition for a writ of habeas corpus. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} In 2010, Lindsay was convicted of rape, sexual battery, and gross sexual imposition. *State v. Lindsay*, 5th Dist. Richland No. 18CA87, 2019-Ohio-157, ¶ 5. Lindsay, at the time he filed this appeal, was an inmate at the North Central Correctional Complex in Marion County. Doc. 1. On May 13, 2019, he filed a petition for a writ of habeas corpus ("petition") with the trial court. Doc. 1. In the memorandum attached to his petition, Lindsay argued that the trial court lost jurisdiction over his case after the trial court permitted amendments to his indictment that changed the identity of the charges against him. Doc. 1. Lindsay also alleges that the State engaged in prosecutorial misconduct; that the trial court's determination violated the prohibition on double jeopardy; and that the trial court did not have the authority to sentence him. Doc. 1.

{¶3} On July 15, 2019, the trial court dismissed Lindsay's petition pursuant to Civ.R. 12(B)(6). Doc. 7. On August 1, 2019, Lindsay filed a motion to reconsider his dismissed petition. Doc. 10. On August 6, 2019, the trial court denied Lindsay's

motion to reconsider. Doc. 11. The petitioner filed his notice of appeal on August 9, 2019. Doc. 12. On appeal, Lindsay raises the following assignments of error:

**First Assignment of Error**

**The trial court was without any legal authority to sentence for Case No. 2010CR0419D, although having original jurisdiction pursuant to Article (IV), Section 4(B), of the Ohio Constitution, also under Revised Code § 2931.03; after the return of the 'true bill' from the grand jury, however, the violations of the statute, Criminal Rule 7(D), caused the trial court to lose standing over the plaintiff, and immediate release should have been the outcome of the proceedings, as they were void ab initio.**

**Second Assignment of Error**

**The plaintiff's sentence is void, and his incarceration is illegal, a judgment absolutely void, and is a mere nullity; there should not be any discretion in determining whether it should be dismissed or set aside, and there is no remedy available for a sentence that is a question of judicial misconduct; allowing such an action after multiple violations of due process of law against the plaintiff, who was not informed of his right as to be released.**

For the sake of analytical clarity, we will consider both of these assignments of error in one analysis.

*First and Second Assignments of Error*

{¶4} On appeal, Lindsay argues that the trial court erred in dismissing his petition because he presented adequate grounds for relief.

Legal Standard

**{¶5}** "Habeas corpus, like other extraordinary writs, is not available when there is an adequate remedy at law." *State ex rel. Walker v. Sloan*, 147 Ohio St.3d 353, 2016-Ohio-7451, 65 N.E.3d 744, ¶ 7.

> **A court may dismiss a habeas action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted 'if, after all factual allegations are presumed true and all reasonable inferences are made in [the petitioner's] favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested extraordinary relief in habeas corpus.' *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10. We review a dismissal under Civ.R. 12(B)(6) de novo. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8.**

*Rock v. Harris*, 157 Ohio St.3d 6, 2019-Ohio-1849, 131 N.E.3d 6, ¶ 6. Further,

> **when a petition raises claims that are not cognizable in habeas corpus, a court need not hold an evidentiary hearing before dismissing the petition under Civ.R. 12(B)(6). *See Marshall v. Lazaroff*, 77 Ohio St.3d 443, 444, 674 N.E.2d 1378 (1997). Nor is it necessary to first evaluate the merits of the claims.**

*Handcock v. Shoop*, 156 Ohio St.3d 282, 2019-Ohio-718, 125 N.E.3d 872, ¶ 7.

Legal Analysis

**{¶6}** In his petition, Lindsay challenged the indictment against him, argued that he was prejudiced by prosecutorial misconduct, and asserted that his sentence was invalid. Doc. 1. He also contended that a fraud was perpetrated against the trial court and that his conviction violated double jeopardy. Doc. 1. However, none of these claims is cognizable in habeas corpus. *Clarke v. McFaul*, 8th Dist.

Cuyahoga No. 89436, 2007-Ohio-1592, ¶ 10 (holding that "habeas corpus is not available to challenge either the validity or sufficiency of an indictment."); *Bobby, supra*, at ¶ 15 (holding that "claims of fraud upon the court, prosecutorial misconduct, and perjured testimony are not cognizable in habeas corpus."); *Wills v. Turner*, 150 Ohio St.3d 379, 2017-Ohio-6874, 81 N.E.3d 1252, ¶ 6 (holding that "sentencing errors are not jurisdictional and are not cognizable in habeas corpus."); *Johnson v. Crutchfield*, 140 Ohio St.3d 485, 2014-Ohio-3653, 20 N.E.3d 676, ¶ 6 (holding "double-jeopardy claims are not cognizable in habeas corpus."). Thus, Lindsay, in his petition, "fail[ed] to state a claim upon which relief [could] be granted." Civ.R. 12(B)(6).

{¶7} Further, all of the arguments that Lindsay made in his petition identify alleged errors in the process that preceded his direct appeal. *See State v. Lindsay*, 5th Dist. Richland No. 2010-CA-0134, 2011-Ohio-4747. Lindsay could have raised these claims on direct appeal. Thus, in this case, direct appeal was an adequate alternative remedy in the ordinary course of law. We also note that Lindsay raised these exact same arguments in a previous petition for postconviction relief that he filed with the trial court on June 18, 2018. *Lindsay*, *supra*, 2019-Ohio-157, ¶ 16. Since these claims were available to Lindsay during his direct appeal and have been previously raised in his prior petition for postconviction relief, they are barred by res judicata. *State ex rel. Gibson v. Sloan*, 147 Ohio St.3d 240, 2016-Ohio-3422, 63 N.E.3d 1172, ¶ 9 (holding that "[r]es judicata precludes a petitioner from using

habeas corpus to gain successive appellate review of previously litigated issues."); *State ex rel. Rash v. Jackson*, 102 Ohio St.3d 145, 2004-Ohio-2053, 807 N.E.2d 344, ¶ 12. For these reasons, we conclude that the trial court did not err in dismissing Lindsay's petition. Thus, the appellant's first and second assignments of error are overruled.

*Conclusion*

{¶8} Having found no error prejudicial to the petitioner in the particulars assigned and argued, the judgment of the Marion County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and PRESTON, J., concur.**

**/hls**