[Cite as *McCormick v. Smith*, 2020-Ohio-1588.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DARSHAWN T. MCCORMICK

    Petitioner

    v.

KEITH SMITH, WARDEN

    Respondent

C.A. No.     29729

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: April 22, 2020

---

PER CURIAM.

{¶1} Darshawn McCormick filed a petition for writ of habeas corpus with the Summit County Clerk of Courts. It is apparent, however, that, he has not attempted to invoke this Court's original jurisdiction pursuant to Section 3(B), Article IV, of the Ohio Constitution or R.C. 2725.01 *et seq.* Accordingly, this Court dismisses this case.

{¶2} Section 3(B)(1), Article IV, of the Ohio Constitution grants this Court original jurisdiction to grant a writ of habeas corpus. The requirements for the writ of habeas corpus in Ohio are set forth in R.C. 2725.01 et seq. To be entitled to a state writ of habeas corpus, a party must show that he is being unlawfully restrained of his liberty, R.C. 2725.01, and that he is entitled to immediate release from prison or confinement. *See, e.g., State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, ¶ 10. Mr. McCormick failed to meet the statutory requirements for a writ of habeas corpus under the Ohio Constitution and the Ohio Revised Code.

{¶3}   Mr. McCormick filed a form titled "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY."   The petition is captioned in the United States District Court for the Northern District of Ohio. He completed the 15-page form and filed it with the Summit County Clerk of Courts.  On the form, he identified himself as the petitioner and named the warden as the respondent. He indicated in the body of the petition, however, that he challenged the judgment of the Summit County Common Pleas Court.   In addition to the petition, he filed other documents required to file a federal petition for writ of habeas corpus, including a Civil Cover Sheet and Affidavit of Prisoner, captioned in the United States District Court for the Northern District of Ohio.  A habeas corpus petition prepared pursuant to 28 U.S.C. 2254 must be filed with the clerk of the appropriate United States District Court, not with a state appellate court.

{¶4}   Mr. McCormick did not comply with the mandatory filing requirements set forth in R.C. 2969.25 when an inmate files an action against a government employee.   A case must be dismissed if an inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action.  *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal."). He also failed to comply with the statutory requirements for filing a state habeas corpus petition; he did not allege that he is unlawfully restrained of his liberty and is entitled to immediate release.

{¶5} Because Mr. McCormick did not comply with the mandatory requirements of R.C. 2969.25 or R.C. 2725.01, *et seq.*, the case is dismissed. Costs taxed to Mr. McCormick.

{¶6} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

DARSHAWN T. MCCORMICK, Pro se, Petitioner.