[Cite as *State ex rel. Ahreshien v. Boros*, 2022-Ohio-2235.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State, ex rel. Hussam A. Ahreshien

      Relator

v.

Judge Debra L. Boros, et al.

      Respondents

Court of Appeals No.  L-22-1142

**<u>DECISION AND JUDGMENT</u>**

Decided:  June 29, 2022

* * * * *

Hussam Ali Ahreshien, Pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This matter is before the court on the petition of relator, Hussam A.

Ahreshien, a pro se inmate, for a writ of mandamus and/or prohibition ordering

respondents, Hon. Debra L. Boros and the Lucas County Court of Common Pleas, to

vacate all orders entered by Judge Boros in case No. DR2019-0906, on the grounds that

Judge Boros was not properly assigned and lacks jurisdiction to enter any order in the

case.[1]  Upon review, we find that relator's petition must be dismissed as facially defective because it fails to comply with the requirements of R.C. 2969.25(C).

{¶ 2} R.C. 2969.25(C) provides,

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency.  The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

Relatedly, 6th Dist.Loc.App.R. 7(A) provides,

> No complaint in non-criminal habeas corpus, mandamus, prohibition, procedendo, or quo warranto may be accepted for filing in this

---

[1] Relator has filed a nearly identical action in case No. L-22-1140.  Relator's action in this case differs only in that he included an "Affidavit of Disqualification" that he purportedly filed against Judge Boros in the Ohio Supreme Court, and he did not include an affidavit of indigency.

2.

court unless the party bringing the action deposits with the clerk of (sic) the sum of $100.00 as security for the payment of the costs that may accrue in the action. * * * If the party bringing the action * * * files with the clerk his sworn Financial Disclosure/Affidavit of Indigency, the clerk shall file the complaint * * * without the deposits. The party must use the Financial Disclosure/Affidavit of Indigency approved by the Ohio Public Defender's Office and can be found on the Ohio Public Defender's website, and must be filed with current financial information for each original action. Except in a criminal habeas corpus action, if the Financial Disclosure/Affidavit of Indigency is filed by an inmate of a state institution it shall be accompanied, as an exhibit thereto, by a certificate of the superintendent or other appropriate officer of the institution stating the amount of funds, if any, which the inmate has on deposit with the institution available to the inmate to secure costs.

{¶ 3} In this case, relator has not included the "Financial Disclosure Form" required by 6th Dist.Loc.App.R. 7(A), or any other affidavit of indigency as required by R.C. 2969.25(C). Furthermore, relator has failed to include a certified statement from the institutional cashier setting forth the balance of his inmate account for each of the proceeding six months, as required by R.C. 2969.25(C)(1) and 6th Dist.Loc.App.R. 7(A).

3.

**{¶ 4}** "Noncompliance with [R.C. 2969.25(C)] is fatal and provides a sufficient basis for dismissing a petition." *Wills v. Turner*, 150 Ohio St.3d 379, 2017-Ohio-6874, 81 N.E.3d 1252, ¶ 7. Therefore, relator's petition is facially defective.

**{¶ 5}** Accordingly, upon due consideration, relator's petition for a writ of mandamus is not well-taken, and it is hereby dismissed. The costs of this action are assessed to relator.

**{¶ 6}** The clerk is directed to serve upon the parties, within three days, a copy of this decision in a manner prescribed by Civ.R. 5(B).

Writ Denied.


Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.