[Cite as *State v. Lindsay*, 2013-Ohio-3332.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| WENDELL R. LINDSAY | : | Case No. 13CA28 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Richland County
Court of Common Pleas, Case No.
10-CR-419D

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      July 24, 2013

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

JILL M. COCHRAN      WENDELL R. LINDSAY, A591-512
Assistant Richland County Prosecutor      Mansfield Correctional Institution
38 South Park Street, 2nd Fl.      1150 North Main Street
Mansfield, OH 44902      Mansfield, OH 44901

*Baldwin, J.*

{¶1} Appellant Wendell R. Lindsay appeals a judgment of the Richland County Common Pleas Court converting his Crim. R. 29 motion to a petition for postconviction relief and dismissing the petition. Appellee is the State of Ohio.

## STATEMENT OF FACTS AND CASE

{¶2} On October 26, 2010, appellant was convicted of rape, sexual battery and gross sexual imposition following a jury trial in the Richland County Common Pleas Court. He was sentenced to a prison term of ten years to life. This Court affirmed the judgment of conviction and sentence. *State v. Lindsay*, 5th Dist. Richland No. 2010-CA-0134, 2011-Ohio-4747.

{¶3} Appellant filed an amended motion for acquittal pursuant to Crim. R. 29 on September 26, 2012. The trial court found the motion was untimely filed as a motion for acquittal, converted the motion to a petition for postconviction relief pursuant to R.C. 2953.21, and dismissed the petition because it was untimely and barred by res judicata.

{¶4} Appellant's brief does not set forth an assignment of error. However, from his argument, we extrapolate the following assignment of error:

{¶5} THE TRIAL COURT ERRED IN FINDING APPELLANT'S MOTION FOR ACQUITTAL TO BE UNTIMELY, CONVERTING THE MOTION TO A PETITION FOR POSTCONVICTION RELIEF, AND OVERRULING THE MOTION.

{¶6} Appellant argues that his motion for acquittal was not untimely. Crim. R. 29(C) provides that after a jury returns a verdict of guilty, a motion for judgment of acquittal may be made or renewed within fourteen days after the jury is discharged or

within such time as the court may fix during the fourteen day period.  The motion was filed 23 months after the jury was discharged, and was clearly untimely.  Nothing in the record before this Court reflects that during the fourteen days following discharge of the jury, the court gave appellant leave to file an amendment to his original Crim. R. 29 motion almost two years after trial.   While appellant argues the court could extend the time for filing pursuant to Crim. R. 45(B), that  Rule specifically states that the court may not extend the time for taking any action under Crim. R. 29 except to the extent and under the conditions stated in the rule.

{¶7}    Because the motion was not properly before the court as a Crim. R. 29 motion for acquittal, the trial court did not err in considering the motion as a petition for postconviction relief.  As noted by the court, the petition was untimely pursuant to R.C. 2953.21(A)(1) because it was not filed within 180 days after the trial transcript was filed in this Court on direct appeal on March 19, 2011, and appellant did not establish either condition set forth in the statute to allow untimely filing.  Further, under the doctrine of res judicata, a final judgment of conviction bars a defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment. *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N .E.2d 104 (1967).  Appellant could have raised the issues raised in his motion for acquittal on direct appeal from his original judgment of conviction and sentence.

{¶8}    The assignment of error is overruled.   The judgment of the Richland County Common Pleas Court is affirmed.   Costs assessed to appellant.


By: Baldwin, J.

Gwin, P. J. and

Wise, J. concur.



_____
HON. CRAIG R. BALDWIN


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE



CRB/rad

[Cite as *State v. Lindsay*, 2013-Ohio-3332.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff - Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| WENDELL R. LINDSAY | : | |
| | : | |
| Defendant – Appellant | : | CASE NO. 13CA28 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. Costs assessed to appellant.

_____
HON. CRAIG R. BALDWIN


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE