[Cite as *State v. Lindsay*, 2019-Ohio-157.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 18CA87 |
| | : | |
| WENDELL LINDSAY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:              Appeal from the Richland County Court
                                     of Common Pleas, Case No. 10-CR-
                                     419D



JUDGMENT:                            AFFIRMED




DATE OF JUDGMENT ENTRY:              January 18, 2019




APPEARANCES:

For Plaintiff-Appellee:                       For Defendant-Appellant:

GARY D. BISHOP                                WENDELL R. LINDSAY, pro se
RICHLAND COUNTY PROSECUTOR                    Inmate No. A591-512
                                              Richland Correctional Institution
JOSEPH C. SNYDER                              1001 S. Olivesburg Rd.
38 South Park Street                          Mansfield, OH 44905
Mansfield, OH 44902

*Delaney, J.*

{¶1} Plaintiff-Appellant Wendell Lindsay appeals the September 4, 2018 judgment entry of the Richland County Court of Common Pleas. Defendant-Appellee is the State of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} On March 4, 2010, the ten-year-old victim approached her guidance counselor at school and told her "my mother's boyfriend has been raping me." (T. 197). During the investigation into the sexual assault, the victim disclosed that her mother's boyfriend, Wendell Lindsay, had come into the room that she shared with her younger sister on the morning of March 4th, pulled down her underwear and stuck his tongue in her vagina. (T. at 198; 269). This was not the first time a sexual incident had occurred. The victim told the social worker who interviewed her that Lindsay had placed his mouth on her vagina approximately six times and penetrated her vagina with his penis a total of seven times. (T. at 271).

{¶3} After the disclosures, the victim's father took her to the hospital for a sexual assault examination. The nurse who performed the exam found physical evidence consistent with the victim's allegations. As part of the examination, swabs were taken of the victim's pubic area and the underwear she was wearing at the time of the examination were collected. DNA collected from the underwear and the pubic area of the victim was consistent with Lindsay's DNA.

{¶4} Lindsay was indicted by the Richland County Grand Jury with five separate counts of rape, five separate counts of sexual battery, and five separate counts of gross sexual imposition.

{¶5} Following the jury trial, Lindsay was convicted of one count of rape, one count of sexual battery and one count of gross sexual imposition. The jury returned verdicts of not guilty to the remaining charges.

{¶6} A sentencing hearing was held on October 27, 2010. The trial court found the three charges were allied offenses. The State elected to go forward on the charge of rape and requested that Lindsay be sentenced to ten years to life. The trial court merged the offenses for sentencing purposes and sentenced Lindsay to a term of ten years to life.

{¶7} Lindsay filed a direct appeal of his sentence and conviction for rape, sexual battery, and gross sexual imposition. The trial transcript was filed on March 7, 2011.

{¶8} We confirmed Lindsay's conviction and sentence in *State of Ohio v. Wendell Lindsay*, 5th Dist. Richland No. 2010–CA–0134, 2011–Ohio–4747. The Ohio Supreme Court did not accept Lindsay's appeal for review. *State v. Lindsay*, 131 Ohio St.3d 1555, 2012–Ohio–2263, 967 N.E.2d 765.

{¶9} On December 14, 2011, Lindsay filed an application to reopen his appeal. We denied the application on January 26, 2012. Lindsay filed a motion to reconsider, which we also denied. Lindsay appealed our denial to the Ohio Supreme Court, which the Court dismissed on June 7, 2012.

{¶10} On September 26, 2012, Lindsay filed an amended motion for acquittal pursuant to Crim.R. 29 with the trial court. Lindsay filed a motion for new trial on February 26, 2013.

{¶11} In February 2013, Lindsay filed a petition for writ of habeas corpus. Upon review, the magistrate judge recommended the petition be dismissed with prejudice. *Lindsay v. Tibbals*, N.D. Ohio No. 1:13–CV–00309, 2014 WL 11128199.

{¶12} The trial court considered Lindsay's motion for acquittal as a petition for postconviction relief. On March 18, 2013, the trial court found the motion untimely and his arguments were barred by the doctrine of res judicata. Lindsay appealed the trial court's judgment entry to this court and we affirmed in *State v. Lindsay*, 5th Dist. Richland No. 13CA28, 2013–Ohio–3332.

{¶13} On January 17, 2014, the trial court denied Lindsay's motion for new trial. Lindsay appealed the judgment to this court, but the appeal was dismissed for failure to prosecute.

{¶14} On April 5, 2016, Lindsay filed an Application for DNA Testing. The State filed a response, arguing that pursuant to R.C. 2953.74(A), the DNA test conducted on the biological evidence in the case was a definitive DNA test; therefore, the trial court was statutorily required to reject Lindsay's application. Lindsay also filed a Motion for Resentencing/Sentence Reduction. The State responded that Lindsay's motion should be denied as an untimely and successive petition for postconviction relief.

{¶15} On March 24, 2016, the trial court denied both motions and Lindsay appealed. In Case No. 16CA38, Lindsay appealed the trial court's judgment denying his Application for DNA Testing. In Case No. 16CA39, Lindsay appealed the trial court's judgment denying his Motion for Resentencing/Sentence Reduction. We affirmed both judgments in *State v. Lindsay*, 5th Dist. Richland No. 16CA38, 2017-Ohio-594 and *State v. Lindsay*, 5th Dist. Richland No. 16CA39, 2017-Ohio-595.

{¶16} On June 18, 2018, Lindsay filed a motion entitled, " 'Subjectmatter-Jurisdiction' violations of defendant's constitutional rights under the United States, and Ohio Constitution: Plain Error." The trial court considered the motion to be Lindsay's third

petition for postconviction relief. Upon review, it held via judgment entry filed August 2, 2018, that Lindsay's petition for postconviction relief was successive, untimely, and barred by res judicata.

{¶17} It is from this judgment entry that Lindsay now appeals.

**ASSIGNMENTS OF ERROR**

{¶18} Lindsay raises three Assignments of Error:

{¶19} "I. THE TRIAL COURT LOST SUBJECT MATTER JURISDICTION WHEN IT ALLOWED THE AMENDING OF THE APPELLANT'S INDICTMENT AS THE IDENTITY OF THE CHARGES WERE CHANGED; PROCEEDING FORWARD WITH THE TRIAL RESULTING IN A ILLEGAL MALICIOUS PROSECUTION, DUE THE COURT WAS WITHOUT LEGAL STANDING OR AUTHORITY OVER THE CASE, AT WHICH THE APPELLANT CAN BRING TO THE ATTENTION OF THE TRIAL COURT, THE FACT THAT IT LOST SUBJECT MATTER JURISDICTION AT ANY TIME.

{¶20} "II. THE TRIAL COURT WAS CONFRONTED WITH THE ISSUES THAT THE DEFENDANT-APPELLANT'S SENTENCE WAS CONTRARY TO LAW; A VOID SENTENCE AB INITIO, DUE TO THE TRIAL COURT'S LACK OF SUBJECT MATTER JURISDICTION OR ITS STANDING IN THIS CASE DUE TO THE AMENDING OF INFORMATION ON THE ORIGINAL INDICTMENT WITHOUT RECONVENING OF THE GRAND JURY, THEN RENAMING THE APPELLANTS MOTION AS IF IT WERE A PETITION FOR POSTCONVICTION RELIEF, THEN USING THE RULES OF A (PCR) TO DENY THE MOTION AS BEING FILED PAST THE 365 DAY TIME LIMITATION WITHOUT THE USE OF CASE LAWS AND CONCLUSIONS TO SUPPORT ITS RULING

THAT RESULTED IN A MALICIOUS PROSECUTION DUE TO PROSECUTORIAL MISCONDUCT.

{¶21} "III. THE TRIAL COURT ABUSED ITS DISCRETION, VIOLATED CRIM.R. 7(D) CLEARLY STATING THAT INDICTMENT AMENDMENTS THAT CHANGES THE PENALTY FOR AN OFFENSE OR THE DEGREE OF FELONY OF AN OFFENSE IS NOT PERMITTED, THEREFORE, THE TRIAL COURT IN THIS CASE, ABUSED ITS DISCRETION IN SENTENCING APPELLANT-DEFENDANT AFTER THE INDICTMENT WAS AMENDED DUE TO THE TRIAL COURT WAS WITHOUT SUBJECT MATTER JURISDICTION; DOUBLE JEOPARDY RESULTED FROM THE VERDICT RETURNED BY THE JURY AFTER THE COURT LOST SUBJECT MATTER JURISDICTION IN THIS CASE, DUE TO THE APPELLANT WAS FOUND GUILTY OF; (COUNTS-VI AND V); VIOLATING THE DOUBLE JEOPARDY CLAUSE, AND THE DEFENDANT-APPELLANT SHOULD BE RELEASED."

## ANALYSIS

{¶22} We consider Lindsay's three Assignments of Error together because they raise issues as to the subject matter jurisdiction of the trial court. Lindsay argues the trial court erred when it overruled his petition for postconviction relief. We disagree.

{¶23} The trial court considered Lindsay's June 18, 2018 motion as a petition for postconviction relief and determined it was without jurisdiction to consider the petition. First, pursuant to R.C. 2953.23(A)(2), the trial court found the petition was untimely filed. The transcript in the original appeal was filed on March 7, 2011. Lindsay filed his motion regarding subject matter jurisdiction on June 18, 2018, six years after the petition was due under the guidelines of the statute. Second, the trial court found the motion regarding

subject matter jurisdiction was Lindsay's third petition for postconviction relief. A trial court may entertain a late or successive petition for postconviction relief only if the petitioner satisfies the statutory requirements set forth in R.C. 2953.23(A). In the instant case, Lindsay did not demonstrate he was unavoidably prevented from discovering facts to present his claim or that a new federal or state right accrued retroactively to his claim. R.C. 2953.23(A)(1). Nor did Lindsay demonstrate by clear and convincing evidence that, but for a constitutional error, no reasonable factfinder would have found him guilty of the offense. R.C. 2953.23(A)(2). Without that showing, the trial court was without authority to entertain the petition. *State v. Johnson,* 5th Dist. No. 16CAA030011, 2016-Ohio-4617, ¶ 27.

{¶24} In Lindsay's motion regarding subject matter jurisdiction, Lindsay argued the trial court lacked subject matter jurisdiction because the State amended the indictment during the jury trial and the trial court granted the motion to amend after the jury verdict. He states the State's amendment of the indictment changed the identity of the charges, demonstrating the trial court lacked subject matter jurisdiction and therefore his resulting sentence was void.

{¶25} On October 25, 2010, the State filed a motion pursuant to Crim.R. 7(D) to amend Count IV of the indictment to conform to the evidence as to the date of the alleged offense of Rape. The indictment stated as to Count IV, "between on or about October 18, 2009 and March 3, 2010 * * *." The State requested that Count IV read in pertinent part, "between on or about the 1st day of October, 2009 and on or about the 4th day of March, 2010 * * *." Count V of the indictment charged a count of Rape, which occurred on March 4, 2010. The State's evidence showed only one rape occurred on March 4, 2010, and

multiple rapes occurred in the period prior to March 4, 2010. Lindsay had been previously made aware of the allegations regarding multiple offenses occurring between October 1, 2009 and March 4, 2010 through the Bill of Particulars and discovery.

{¶26} The jury instructions and jury verdict forms reflected the correct dates. The jury found Lindsay not guilty on Count IV and the verdict was journalized on October 27, 2010. The trial court granted the motion to amend the indictment on October 28, 2010. It found the date a crime allegedly occurred was not an element of the offense the State was required to prove.

{¶27} The trial court examined Lindsay's argument in his third petition for postconviction relief and found he was attempting to circumvent the doctrine of res judicata by arguing the trial court lacked subject matter jurisdiction based on the State's amendment of the indictment. "Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Snyder*, 5th Dist. Tuscarawas No.2015AP070043, 2016–Ohio–832, ¶ 26 quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Further, "[i]t is well-settled that, 'pursuant to res judicata, a defendant cannot raise an issue in a [petition] for postconviction relief if he or she could have raised the issue on direct appeal.' " *State v. Elmore*, 5th Dist. Licking No.2005–CA–32, 2005–Ohio–5940, ¶ 21 quoting *State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997).

{¶28} Crim.R. 7(D) states, in pertinent part, that:

The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment, information, or complaint, or to cure a variance between the indictment, information, or complaint and the proof, the defendant is entitled to * * * a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial * * *.

{¶29} It has been held that amendments that change " 'only the date on which the offense occurred * * * [do] not charge a new or different offense, nor * * * change the substance of the offense.' " *State v. Pyles*, 4th Dist. Scioto No. 17CA3790, 2018-Ohio-4034, 2018 WL 4846710, ¶ 27 quoting *State v. Evans,* 4th Dist. Scioto No. 08CA3268, 2010-Ohio-2554, ¶ 35, quoting *State v. Quivey,* 4th Dist. Meigs No. 04CA8, 2005-Ohio-5540, ¶ 28. In this case, only the date on which the offense occurred was amended. The State's amendment did not charge a new or different offense, nor change the substance of the offense.

{¶30} " 'Jurisdiction' means the courts' statutory or constitutional power to adjudicate the case." (Internal quotations and citations omitted.) *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004–Ohio–1980, ¶ 11. Lindsay's argument is that if the trial court lacks

subject-matter jurisdiction, its judgment is void. *Id.* at ¶ 12. " * * * [S]ubject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." *Id.* at ¶ 11.

{¶31} Pursuant to R.C. 2931.03, the court of common pleas has subject matter jurisdiction of criminal cases. *State v. Mitchell,* 5th Dist. Guernsey No. 07–CA–17, 2008–Ohio–101, ¶ 32. A common pleas court has original jurisdiction in felony cases and its jurisdiction is invoked by the return of an indictment. *Click v. Eckle,* 174 Ohio St. 88, 89, 186 N.E.2d 731 (1962). The indictment in the instant case charged Lindsay with several felonies alleged to have occurred in Richland County, Ohio. The amendment of the indictment only changed the date of the offense alleged in Count IV. The Richland County Court of Common Pleas therefore had subject matter jurisdiction over Lindsay's case. *See, State v. Poissant,* 5th Dist. Fairfield No. 08 CA 7, 2009–Ohio–4235, ¶ 20, appeal not allowed, 123 Ohio St.3d 1510, 917 N.E.2d 812, 2009–Ohio–6210, and *State v. Wilson,* 5th Dist. Richland No. 14CA16, 2014–Ohio–3286.

{¶32} We agree that Lindsay's arguments are barred by the doctrine of res judicata. Lindsay's contention that the trial court lacked subject matter jurisdiction is without merit and could have been raised or was capable of being raised via the direct appeal of his original conviction and sentence or through the appeal of the denial of his subsequent motions for postconviction relief.

{¶33} Lindsay's first, second, and third Assignments of Error are overruled.

**CONCLUSION**

{¶34} The judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Baldwin, J., concur.