[Cite as *State v. Lindsay*, 2019-Ohio-5283.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2019 CA 0059 |
| WENDELL R. LINDSAY | |
| Defendant-Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:     Appeal from the Richland County Court of
                              Common Pleas, Case No. 2010-CR-0419

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       December 19, 2019

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GARY BISHOP                               WENDELL R. LINDSAY, PRO SE
Prosecuting Attorney                      Inmate No. A591-512
Richland County, Ohio                     North Central Correctional Institution
                                          P.O. Box 1812
JOSEPH C. SNYDER                          Marion, Ohio  43302
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio  44902

*Hoffman, P.J.*

**{¶1}**   Defendant-appellant Wendell Lindsay appeals the June 10, 2019 judgment entry entered by the Richland County Court of Common Pleas, which overruled his motion for new trial.   Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}**   On March 4, 2010, the ten-year-old victim approached her guidance counselor at school and told her "my mother's boyfriend has been raping me." (T. 197). During the investigation into the sexual assault, the victim disclosed her mother's boyfriend, Appellant, had come into the room she shared with her younger sister on the morning of March 4, 2010, pulled down her underwear, and stuck his tongue in her vagina. (T. at 198; 269). This was not the first time a sexual incident had occurred. The victim told the social worker who interviewed her Appellant had placed his mouth on her vagina approximately six times and penetrated her vagina with his penis a total of seven times. (T. at 271).

**{¶3}**   After the disclosures, the victim's father took her to the hospital for a sexual assault examination. The nurse who performed the exam found physical evidence consistent with the victim's allegations. As part of the examination, swabs were taken of the victim's pubic area and the underwear she was wearing at the time of the examination were collected. DNA collected from the underwear and the pubic area of the victim was consistent with Appellant's DNA.

**{¶4}**   The Richland County Grand Jury indicted Appellant on five counts of rape, five counts of sexual battery, and five counts of gross sexual imposition.  Following the jury trial, Appellant was convicted of one count of rape, one count of sexual battery, and

one count of gross sexual imposition. The jury returned verdicts of not guilty on the remaining charges.

{¶5} The trial court conducted a sentencing hearing on October 27, 2010. The trial court found the three charges were allied offenses. The state elected to go forward on the charge of rape and requested Appellant be sentenced to ten years to life. The trial court merged the offenses for sentencing purposes and imposed a term of incarceration of ten years to life.

{¶6} Appellant filed a direct appeal. This Court affirmed Appellant's convictions and sentence in *State v. Wendell Lindsay*, 5th Dist. Richland No. 2010–CA–0134, 2011–Ohio–4747. The Ohio Supreme Court did not accept Appellant's appeal for review. *State v. Lindsay*, 131 Ohio St.3d 1555, 2012–Ohio–2263, 967 N.E.2d 765.

{¶7} On December 14, 2011, Appellant filed an application to reopen his appeal, which this Court denied on January 26, 2012. Appellant filed a motion to reconsider, which we also denied. Appellant appealed our denial to the Ohio Supreme Court, which the Court dismissed on June 7, 2012.

{¶8} Appellant filed an amended motion for acquittal pursuant to Crim. R. 29 on September 26, 2012, and a motion for new trial on February 26, 2013.

{¶9} In February, 2013, Appellant filed a petition for writ of habeas corpus in the United States District Court, N.D. Ohio, Eastern Division. Upon review, the magistrate judge recommended the petition be dismissed with prejudice. *Lindsay v. Tibbals*, N.D. Ohio No. 1:13–CV–00309, 2014 WL 11128199.

{¶10} The trial court considered Appellant's motion for acquittal as a petition for post-conviction relief. On March 18, 2013, the trial court found the motion untimely and

his arguments were barred by the doctrine of res judicata. Appellant appealed the trial court's judgment entry to this Court, which affirmed in *State v. Lindsay*, 5th Dist. Richland No. 13CA28, 2013–Ohio–3332. Via Judgment Entry filed January 17, 2014, the trial court denied Appellant's February 26, 2013 motion for new trial. Appellant appealed the judgment to this Court, but the appeal was dismissed for failure to prosecute.

{¶11} On April 5, 2016, Appellant filed an Application for DNA Testing. The state filed a response, arguing, pursuant to R.C. 2953.74(A), the DNA test conducted on the biological evidence in the case was a definitive DNA test; therefore, the trial court was statutorily required to reject Appellant's application. Appellant also filed a Motion for Resentencing/Sentence Reduction. The state responded Appellant's motion should be denied as an untimely and successive petition for post-conviction relief.

{¶12} On March 24, 2016, the trial court denied both motions and Lindsay appealed. In Case No. 16CA38, Appellant appealed the trial court's judgment denying his Application for DNA Testing. In Case No. 16CA39, Appellant appealed the trial court's judgment denying his Motion for Resentencing/Sentence Reduction. This Court affirmed both judgments in *State v. Lindsay*, 5th Dist. Richland No. 16CA38, 2017-Ohio-594, and *State v. Lindsay*, 5th Dist. Richland No. 16CA39, 2017-Ohio-595.

{¶13} On June 18, 2018, Appellant filed a motion entitled, "'Subjectmatter-Jurisdiction' violations of defendant's constitutional rights under the United States, and Ohio Constitution: Plain Error." The trial court considered the motion to be Appellant's third petition for post-conviction relief. Via judgment entry filed August 2, 2018, the trial court denied the motion, finding the petition for post-conviction relief was successive,

untimely, and barred by res judicata.  Appellant appealed to this Court, which affirmed the trial court's decision.  *State v. Lindsay*, 5th Dist. Richland No. 18CA87, 2019 -Ohio- 157.

**{¶14}**  Appellant filed a Motion for New Trial on May 3, 2019, and an Amendment to the motion on May 24, 2019.  Via Judgment Entry filed June 10, 2019, the trial court overruled the motion , finding the motion was untimely and Appellant failed to offer new evidence which could not have discovered prior to trial or within 120 days after trial.

**{¶15}**  It is from this judgment entry Appellant appeals, raising the following assignments of error:

I. THE TRIAL COURT ALLOWED THE PROSECUTION TO COMMIT PURJURY [SIC]; PURSUANT TO R.C. 2921.11, IN THE COMPLAINT TO THE GRAND JURY, CAUSING THEM TO RETURN AN INDICTMENT CONTAINING THEREIN, FRAUDULENT INFORMATION THAT WAS KNOWINGLY PRESENTED; IN DOING SO, VIOLATED THE APPELLANTS DUE PROCESS OF LAW RIGHTS, AND ALSO VIOLATING APPELLANT'S EQUAL PROTECTION OF THE LAW RIGHTS GUARANTEED HIM, BOTH BY THE CONSTITUTION OF THE UNITED STATES AND THE OHIO CONSTITUTION.

II. THE APPELLANT WAS DENIED DUE PROCESS OF THE LAW DURING THE JUDICIAL PROCESS; THE CONSTITUTIONAL PROVISIONS THAT PROHIBITS [SIC] THE GOVERNMENT FROM UNFAIRLY OR ARBITRARILY DEPRIVING ANY PERSON OF LIFE, LIBERTY, OR PROPERTY; THE FOURTEENTH AMENDMENT OF THE

CONSTITUTION OF THE UNITED STATES INCORPORATES THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT'S DOCTRINE; ALSO, THE EQUAL PROTECTION CLAUSE, GUARANTEEING THE FUNDAMENTAL FAIRNESS DOCTRINE; THAT A PROTECTION BASED ON AN INDICTMENT FRAUDULANTLY [SIC] OBTAINED THROUGH THE USE OF FALSE INFORMATION, (PURJURY) [SIC], DISCOVERED TO BE MANIPULATED AND HID FROM THE TRIAL COURT, THE DEFENSE, IS GROUNDS TO GRANT A NEW TRIAL.


I, II

**{¶16}** We elect to address Appellant's assignments of error together.

**{¶17}** Crim. R. 33 governs motions for new trial and provides, in pertinent part:


(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

* * *

(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of

the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

(B) Motion for New Trial; Form, Time. Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶18} To warrant the granting of a motion for a new trial in a criminal case based on newly discovered evidence, the defendant must show the new evidence (1) discloses

a strong probability it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. *State v. Petro*, 148 Ohio St. 505, 76 N.E.2d 370, syllabus (1947).

{¶19} The decision whether to grant or deny a motion for a new trial is committed to the sound discretion of the trial court. *See, State v. LaMar*, 95 Ohio St.3d 181, 201, 767 N.E.2d 166 (2002); *State v. Williams*, 43 Ohio St.2d 88, 330 N.E.2d 891 (1975), paragraph two of the syllabus. Thus, we will not reverse a trial court's denial of a motion for a new trial absent an abuse of discretion. *LaMar*, 95 Ohio St.3d at 201, 767 N.E.2d 166. An abuse of discretion is more than an error in judgment; instead, it implies a court's ruling is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶20} We find the trial court did not abuse its discretion in overruling Appellant's motion for new trial. First, Appellant's motion was not filed "within one hundred twenty days after the day upon which the verdict was rendered. The motion was filed more than eight years after trial; therefore, was untimely.

{¶21} We also find the motion is barred by the doctrine of res judicata.

{¶22} Res judicata bars the assertion of claims against a valid, final judgment of conviction which have been raised or could have been raised on appeal. *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus.

{¶23} In his motion for new trial, Appellant alleges defects in the Indictment and Bill of Particulars.  Appellant raised these same allegations in his June 18, 2018 motion entitled, "'Subjectmatter-Jurisdiction' violations of defendant's constitutional rights under the United States, and Ohio Constitution: Plain Error."  The trial court found Appellant's claims were barred by res judicata.  This Court agreed and affirmed the trial court's decision in *State v. Lindsay*, 5th Dist. Richland No. 18CA87, 2019 -Ohio- 157.  Likewise, the assertions in Appellant's most recent motion should have or could have been raised in his direct appeal; therefore, are barred by res judicata.

{¶24} Appellant's first and second assignments of error are overruled.

{¶25} The judgment of the Richland County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, John, J.  and

Baldwin, J. concur