[Cite as *State v. Lindsay*, 2021-Ohio-4526.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2021 CA 0068 |
| WENDELL R. LINDSAY | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  2010 CR 0419


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      December 22, 2021


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellee

GARY BISHOP                               WENDELL R. LINDSAY
PROSECUTING ATTORNEY                      PRO SE
JODIE SCHUMACHER                          NORTH CENTRAL CORR. INSTITUTION
ASSISTANT PROSECUTOR                      P. O. Box 1812
38 South Park Street, Second Floor        Marion, Ohio  43302
Mansfield, Ohio  44902

*Wise, John, J.*

**{¶1}** Appellant Wendell R. Lindsay appeals his conviction and sentence entered in the Richland County Common Pleas Court on October 27, 2010.

**{¶2}** Appellee is the state of Ohio.

<u>STATEMENT OF THE FACTS</u>

**{¶3}** For purposes of this Opinion, the relevant facts and procedural history are as follows:

**{¶4}** On March 4, 2010, the ten-year-old victim approached her guidance counselor at school and told her "my mother's boyfriend has been raping me." (T. 197). During the investigation into the sexual assault, the victim disclosed her mother's boyfriend, Appellant, had come into the room she shared with her younger sister on the morning of March 4, 2010, pulled down her underwear, and stuck his tongue in her vagina. (T. at 198; 269). This was not the first time a sexual incident had occurred. The victim told the social worker who interviewed her Appellant had placed his mouth on her vagina approximately six times and penetrated her vagina with his penis a total of seven times. (T. at 271).

**{¶5}** After the disclosures, the victim's father took her to the hospital for a sexual assault examination. The nurse who performed the exam found physical evidence consistent with the victim's allegations. As part of the examination, swabs were taken of the victim's pubic area and the underwear she was wearing at the time of the examination were collected. DNA collected from the underwear and the pubic area of the victim was consistent with Appellant's DNA.

{¶6}     The Richland County Grand Jury indicted Appellant on five counts of rape, five counts of sexual battery, and five counts of gross sexual imposition. Following the jury trial, Appellant was convicted of one count of rape, one count of sexual battery, and one count of gross sexual imposition. The jury returned verdicts of not guilty on the remaining charges.

{¶7}     On October 27, 2010, the trial court conducted a sentencing hearing. The trial court found the three charges were allied offenses. The state elected to go forward on the charge of rape and requested Appellant be sentenced to ten years to life. The trial court merged the offenses for sentencing purposes and imposed a term of incarceration of ten years to life.

{¶8}     Appellant filed a direct appeal. This Court affirmed Appellant's convictions and sentence in *State v. Wendell Lindsay*, 5th Dist. Richland No. 2010–CA–0134, 2011–Ohio–4747. The Ohio Supreme Court did not accept Appellant's appeal for review. *State v. Lindsay*, 131 Ohio St.3d 1555, 2012–Ohio–2263, 967 N.E.2d 765.

{¶9}     On December 14, 2011, Appellant filed an application to reopen his appeal, which this Court denied on January 26, 2012. Appellant filed a motion to reconsider, which we also denied. Appellant appealed our denial to the Ohio Supreme Court, which the Court dismissed on June 7, 2012.

{¶10}   On September 26, 2012, Appellant filed an amended motion for acquittal pursuant to Crim.R. 29. The trial court considered Appellant's motion for acquittal as a petition for post-conviction relief.

{¶11}   On February 26, 2013, Appellant filed a motion for new trial

**{¶12}** In February, 2013, Appellant filed a petition for writ of habeas corpus in the United States District Court, N.D. Ohio, Eastern Division. Upon review, the magistrate judge recommended the petition be dismissed with prejudice. *Lindsay v. Tibbals*, N.D. Ohio No. 1:13–CV–00309, 2014 WL 11128199.

**{¶13}** On March 18, 2013, the trial court found Appellant's Motion for Acquittal/Motion for Post-Conviction Relief untimely and found Appellant's arguments were barred by the doctrine of *res judicata*.

**{¶14}** Appellant appealed the trial court's judgment entry to this Court, which we affirmed in *State v. Lindsay*, 5th Dist. Richland No. 13CA28, 2013–Ohio–3332.

**{¶15}** By Judgment Entry filed January 17, 2014, the trial court denied Appellant's February 26, 2013, motion for new trial.

**{¶16}** Appellant appealed the judgment to this Court, but the appeal was dismissed for failure to prosecute.

**{¶17}** On April 5, 2016, Appellant filed an Application for DNA Testing. The state filed a response, arguing, pursuant to R.C. §2953.74(A), the DNA test conducted on the biological evidence in the case was a definitive DNA test; therefore, the trial court was statutorily required to reject Appellant's application.

**{¶18}** Appellant also filed a Motion for Resentencing/Sentence Reduction. The state responded Appellant's motion should be denied as an untimely and successive petition for post-conviction relief.

**{¶19}** On March 24, 2016, the trial court denied both motions and Lindsay appealed.

{¶20} In Case No. 16CA38, Appellant appealed the trial court's judgment denying his Application for DNA Testing.

{¶21} In Case No. 16CA39, Appellant appealed the trial court's judgment denying his Motion for Resentencing/Sentence Reduction.

{¶22} This Court affirmed both judgments in *State v. Lindsay*, 5th Dist. Richland No. 16CA38, 2017-Ohio-594, and *State v. Lindsay*, 5th Dist. Richland No. 16CA39, 2017-Ohio-595.

{¶23} On June 18, 2018, Appellant filed a motion entitled, "'Subject matter-Jurisdiction' violations of defendant's constitutional rights under the United States, and Ohio Constitution: Plain Error." The trial court considered the motion to be Appellant's third petition for post-conviction relief.

{¶24} By Judgment Entry filed August 2, 2018, the trial court denied the motion, finding the petition for post-conviction relief was successive, untimely, and barred by *res judicata*.

{¶25} Appellant appealed to this Court, which affirmed the trial court's decision. *State v. Lindsay*, 5th Dist. Richland No. 18CA87, 2019-Ohio-157.

{¶26} On May 3, 2019, Appellant filed a Motion for New Trial and an Amendment to the motion on May 24, 2019.

{¶27} By Judgment Entry filed June 10, 2019, the trial court overruled the motion, finding the motion was untimely and further that Appellant failed to offer new evidence which could not have been discovered prior to trial or within 120 days after trial.

{¶28} Appellant appealed to this Court, which affirmed the trial court's decision. *State v. Lindsay*, 5th Dist. Richland No. 2019 CA 0059, 2019-Ohio-5283.

**{¶29}** On October 4, 2021, Appellant filed the instant appeal, raising the following errors for review:

ASSIGNMENTS OF ERROR

**{¶30}** "I. THE APPELLANT'S SENTENCE IS CONTRARY TO LAW, AND "RES JUDICATA" SHOULD NOT BE USED AS "TACTICAL ADVANTAGE," A STRATEGY OR TOOL USED TO AVOID A PROPER REVIEW OF THE ISSUES PRESENTED; WHEN THE APPELLANT'S (SIC) HAS BROUGHT FORTH THAT A MISCARRIAGE OF JUSTICE OCCURRED, AND THE LOWER TRIAL COURT, HAS IGNORED THE ISSUES OF DOUBLE-JEOPARDY, VERDICT FORM NOT BEING IN COMPLIANCE PURSUANT TO R.C. §2945.75(A)(2); NO ELEMENTS WERE PROVIDED TO DISTINGUISH WHAT THE JURY INTENDED FOR THE TRIAL JUDGE TO SENTENCE ON; HOW THE SENTENCE WAS ENHANCED FROM THE LOWEST FELONY CONVICTION TO THE HIGHEST: AND PURSUANT TO R.C. §2941.25, HOW THE TRIAL COURT SENTENCED THE APPELLANT WHEN USING "AMIMUS," (SIC) WHEN IF THE CORRECT TERM, "ALLIED OFFENSE" WAS USED, THE SENTENCE WOULD HAVE BECOME VOID, DUE TO THERE WERE MORE CONVICTIONS THAN ALLOWED.

**{¶31}** "II. THE SENTENCE IS A MANIFEST MISCARRIAGE OF JUSTICE WHEN IT DOES NOT COMPORT WITH THE CONTROLLING STATUTES; R.C. §2945.75(A)(2), WHEN A PELFREY ISSUE EXIST, BUT HIDDEN DUE TO DOUBLE JEOPARDY ISSUES; A VIOLATION OF R.C. §2941.25, SPECIFYING THAT THEIR (SIC) CAN ONLY BE ONE CONVICTION FOR ALLIED OFFENSES OF SIMILAR IMPORT; THE TRIAL COURT USED THE WORD "ANIMUS" FOR THE PURPOSE OF

SENTENCING, AND AS TO ENABLE THE SENTENCING ENHANCEMENT WITHOUT ANY LISTED ELEMENT WRITTEN IN THE VERDICT FORM, WHEN THE SENTENCE WAS ALREADY JURISDICTIONALLY VOID: AND WHILE "RES JUDICATA" DOES NOT PRECLUDE APPELLATE COURT REVIEW."

**I., II.**

{¶32} As both of Appellant's assignments of error challenge his sentence, we shall address them together.

{¶33} In his first assignment of error Appellant claims that his sentence is contrary to law. In his second assignment of error, Appellant argues that his sentence is a miscarriage of justice. We disagree.

{¶34} Upon review, we find that Appellant's arguments could have been raised, or were raised, via the direct appeal of his original conviction and sentence or through the appeal of the denial of his subsequent motions for postconviction relief.

{¶35} "Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Snyder*, 5th Dist. Tuscarawas No. 2015AP070043, 2016–Ohio–832, ¶ 26 quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Further, "[i]t is well-settled that, 'pursuant to res judicata, a defendant cannot raise an issue in a [petition] for postconviction relief if he or she could have raised the issue on direct appeal.' " *State v. Elmore*, 5th Dist. Licking No. 2005–CA–32, 2005–Ohio–5940, ¶ 21 quoting *State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997).

**{¶36}** Res judicata also implicitly prohibits a defendant from "re-packaging" evidence or issues that either were, or could have been, raised in the context of the petitioner's trial or direct appeal. *State v. Lawson,* 103 Ohio App.3d 307, 315, 659 N.E.2d 362 (12th Dist.1995); *See also State v. Wolfe,* 5th Dist. Delaware No. 16CAA020008, 2016-Ohio-4616, ¶ 19

**{¶37}** Appellant's first and second assignments of error are overruled.

**{¶38}** For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

By: Wise, John, J.

Hoffman, P. J., and

Wise, Earle, J., concur.

JWW/kw 1220