[Cite as *State v. Lindsay*, 2022-Ohio-4498.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| WENDELL R. LINDSAY, II | : | Case No. 22-CA-61 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:                   Appeal from the Court of Common
                                         Pleas, Case No. 2010CR0419D


JUDGMENT:                                Affirmed


DATE OF JUDGMENT:                        December 14, 2022


APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

GARY BISHOP                              WENDELL R. LINDSAY, II, PRO SE
38 PARK STREET                           A591-512
MANSFIELD, OH 44902                      P.O. Box 1812 (N.C.C.C.)
                                         Marion, OH  43301

*Wise, Earle, P.J.*

{¶ 1}   Appellant Wendell R. Lindsay appeals the August 9, 2022 denial of his motion to void all judgment in this matter due to the alleged bias of the judge who presided over his 2010 trial. Plaintiff-Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   Appellant has appealed various issues in this matter many times before. Most recently, in *State v, Lindsay*, 5th Dist. Richland No. 2021 CA 0068, 2021-Ohio-4526 we set forth the facts and procedural history as follows.

{¶ 3}   On March 4, 2010, the ten-year-old victim approached her school guidance counselor and told her "my mother's boyfriend has been raping me." (T. 197). During the investigation into the sexual assault, the victim disclosed her mother's boyfriend, Appellant, had come into the room she shared with her younger sister on the morning of March 4, 2010, pulled down her underwear, and stuck his tongue in her vagina. (T. at 198, 269). This was not the first time a sexual incident had occurred. The victim told the social worker who interviewed her Appellant had placed his mouth on her vagina approximately six times and penetrated her vagina with his penis a total of seven times. (T. at 271).

{¶ 4}   After the disclosures, the victim's father took her to the hospital for a sexual assault examination. The nurse who performed the exam found physical evidence consistent with the victim's allegations. As part of the examination, swabs were taken of the victim's pubic area and the underwear she was wearing at the time of the examination were collected. DNA collected from the underwear and the pubic area of the victim was consistent with Appellant's DNA.

{¶ 5}   The Richland County Grand Jury indicted Appellant on five counts of rape, five counts of sexual battery, and five counts of gross sexual imposition. Following the jury trial, Appellant was convicted of one count of rape, one count of sexual battery, and one count of gross sexual imposition. The jury returned verdicts of not guilty on the remaining charges.

{¶ 6}   On October 27, 2010, the trial court conducted a sentencing hearing during which it found the three charges were allied offenses. The state elected to go forward on the charge of rape and requested Appellant be sentenced to ten years to life. The trial court merged the offenses for sentencing purposes and imposed a term of incarceration of ten years to life.

{¶ 7}   Appellant filed a direct appeal. This Court affirmed Appellant's convictions and sentence in *State v. Lindsay*, 5th Dist. Richland No. 2010-CA-0134, 2011-Ohio-4747. The Ohio Supreme Court did not accept Appellant's appeal for review. *State v. Lindsay*, 131 Ohio St.3d 1555, 2012-Ohio-2263, 967 N.E.2d 765.

{¶ 8}   On December 14, 2011, Appellant filed an application to reopen his appeal, which this Court denied on January 26, 2012. Appellant filed a motion to reconsider, which we also denied. Appellant appealed our denial to the Ohio Supreme Court, which the Court dismissed on June 7, 2012.

{¶ 9}   On September 26, 2012, Appellant filed an amended motion for acquittal pursuant to Crim.R. 29. The trial court considered Appellant's motion for acquittal as a petition for post-conviction relief.

{¶ 10} On February 26, 2013, Appellant filed a motion for new trial.

{¶ 11} In February, 2013, Appellant filed a petition for writ of habeas corpus in the United States District Court, N.D. Ohio, Eastern Division. Upon review, the magistrate

judge recommended the petition be dismissed with prejudice. *Lindsay v. Tibbals*, N.D. Ohio No. 1:13-CV-00309, 2014 WL 11128199.

{¶ 12} On March 18, 2013, the trial court found Appellant's Motion for Acquittal/Motion for Post-Conviction Relief untimely and found Appellant's arguments were barred by the doctrine of res judicata.

{¶ 13} Appellant appealed the trial court's judgment entry to this Court, which we affirmed in *State v. Lindsay*, 5th Dist. Richland No. 13CA28, 2013-Ohio-3332.

{¶ 14} By judgment entry filed January 17, 2014, the trial court denied Appellant's February 26, 2013, motion for new trial.

{¶ 15} Appellant appealed the judgment to this Court, but the appeal was dismissed for failure to prosecute.

{¶ 16} On April 5, 2016, Appellant filed an Application for DNA Testing. The state filed a response, arguing, pursuant to R.C. 2953.74(A), the DNA test conducted on the biological evidence in the case was a definitive DNA test; therefore, the trial court was statutorily required to reject Appellant's application.

{¶ 17} Appellant also filed a Motion for Resentencing/Sentence Reduction. The state responded Appellant's motion should be denied as an untimely and successive petition for post-conviction relief.

{¶ 18} On March 24, 2016, the trial court denied both motions and Lindsay appealed.

{¶ 19} In case number 16CA38, Appellant appealed the trial court's judgment denying his Application for DNA Testing.

{¶ 20} In case number 16CA39, Appellant appealed the trial court's judgment denying his Motion for Resentencing/Sentence Reduction.

{¶ 21} This Court affirmed both judgments in *State v. Lindsay*, 5th Dist. Richland No. 16CA38, 2017-Ohio-594, and *State v. Lindsay*, 5th Dist. Richland No. 16CA39, 2017-Ohio-595.

{¶ 22} On June 18, 2018, Appellant filed a motion entitled, " 'Subject matter-Jurisdiction' violations of defendant's constitutional rights under the United States, and Ohio Constitution: Plain Error." The trial court considered the motion to be Appellant's third petition for post-conviction relief.

{¶ 23} By Judgment Entry filed August 2, 2018, the trial court denied the motion, finding the petition for post-conviction relief was successive, untimely, and barred by res judicata.

{¶ 24} Appellant appealed to this Court, which affirmed the trial court's decision. *State v. Lindsay*, 5th Dist. Richland No. 18CA87, 2019-Ohio-157.

{¶ 25} Appellant filed a Motion for New Trial on May 3, 2019, and an Amendment to the motion on May 24, 2019. Via Judgment Entry filed June 10, 2019, the trial court overruled the motion, finding the motion was untimely and Appellant failed to offer new evidence which could not have discovered prior to trial or within 120 days after trial.

{¶ 26} Appellant appealed to this Court, which affirmed the trial court's decision. *State v. Lindsay*, 5th Dist. Richland No. 2019 CA 0059, 2019-Ohio-5283.

{¶ 27} On December 29, 2020, Appellant filed a motion titled "Motion For Sentence Modification Pursuant to R.C. 2945.75; Jury Verdict Form Not In Compliance With The Law." The trial court overruled the motion on January 22, 2021 finding the motion was time-barred as well as res judicata. Appellant filed an appeal which was later dismissed as it was filed out of time.

{¶ 28} On July 26, 2021, Appellant filed a motion titled "Motion: Resentencing/Sentencing Modification Verdict Form Not in Compliance Pursuant to R.C. 2925.75 The Sentence if Void, Plain Error Occurred, And this Argument Can be Brought Up At Any Time." On August 10, 2021, the trial court denied Appellant's motion and noted this court had previously addressed the arguments raised by Appellant in his motion. Appellant filed an appeal and this court affirmed. *State v. Lindsay*, 5th Dist. Richland No. 2021 CA 0068, 2021-Ohio-4526, appeal not allowed, 166 Ohio St.3d 1468, 2022-Ohio-1163, 185 N.E.3d 111.

{¶ 29} On August 1, 2022, Appellant filed a 20-page document titled "Motion: Voiding "All" Judgments Pertaining to Defendant's Case, And Adjudication Process, Due To A "Manifest Miscarriage Of Justice" Inwhere The Presiding Judge Harbored A "Fudiciary Bias," Which Should Have Disqualified Him Because of Clear "Appearance of Impropriety" Requiring a "New Trial," Where The Judge Allowed An Associate's/Or Colleague's Influence His Decision-Making Throughout The Trial, And Allowing The Trial To Continue Knowing Several "Conflict Of Interests" Were Obvious Between The Prosecutor, A Juror, And The Defense Attorney For the Defendant, Violating 28 U.S.C.S. 455(a); All Judgments Are Contrary to Law. (Sic)

{¶ 30} In his motion Appellant argued that the Judge DeWeese, who presided over Appellant's October 2010 trial, had a conflict of interest because the victim's grandmother was a former employee of the Richland County Court of Common Pleas. Appellant argued that the prosecutor, a juror, and Mr. Lindsay's trial attorney also had conflicts of interest and that therefore, all judgments made by Judge DeWeese should be vacated and his case transferred to another venue.

{¶ 31} On August 9, 2022, the trial court overruled Appellant's motion finding he had previously raised the same and similar arguments in the past, that the arguments had also been addressed and overruled by this court and were therefore res judicata.

{¶ 32} Around the same time, Appellant filed an affidavit in the Supreme Court of Ohio pursuant to R.C. 2701.03 and Article IV, Section 5(C) of the Ohio Constitution seeking to disqualify former Judge James DeWeese and Judge Phillip Naumoff from this matter. The Court denied Appellant's affidavit of disqualification finding it grossly untimely. The Court further found Judge DeWeese is no longer a practicing judge in Richland County and is no longer assigned to Appellant's case. Finally, the Court found Appellant had failed to demonstrate why Judge Naumoff should be disqualified over Judge DeWeese's alleged conflict of interest at Appellant's 2010 trial. *In re Disqualification of DeWeese and Naumoff*, --- N.E.3d ----, 2022-Ohio-3882. *cite* September 1, 2022

{¶ 33} Appellant filed an appeal and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 34} "THE TRIAL JUDGE DURING THE ADJUDICATION OF THE DEFENDANT'S CASE, WAS OBLIGATED TO CARRY OUT A MANDATORY DISMISSAL OR RECUSAL UPON HIMSELF, IN WHERE HE HARBORED AN "APPEARANCE OF IMPROPRIETY," AND A "FIDUCIARY BIAS," WHEN THE RECORD SHOWED THAT THE JUDGE ACKNOWLEDGED THAT THE ALLEGED VICTIM IN THIS CASE, WAS THE PATERNAL GRANDDAUGHTER OF HIS RETIRED BAILIFF: THEREFORE, ALL JUDGMENTS MADE AFTER THE INFORMATION WAS ACKNOWLEDGED CREATED A "PRIMA FACIE CASE, "OHIO CONSTITUTION ARTICLE XV, § 7, SPECIFIED IN OHIO REVISED CODE ANN. § 3.23; CANNON

3(C)(1)(D); 28 U.S.C.S. § 455, & R.C. §2701.031; DISQUALIFYING OF JUDGE, ALSO, VOIDING ALL JUDGMENTS MADE BY TRIAL JUDGE ARE THEREFORE SHOULD BE VOID."

{¶ 35} In his sole assignment of error, Appellant argues Judge DeWeese, who presided over his 2010 trial was biased and should have recused himself due to a conflict of interest and because he did not, he is entitled to an order voiding all judgments made by Judge DeWeese and a new trial. We disagree

{¶ 36} Upon review of Appellant's arguments, we find the arguments could have been raised, or were raised, via the direct appeal of Appellant's original conviction and sentence or through the appeal of the denial of his subsequent motions for postconviction relief. Appellant raised the same arguments he raises here in the second assignment of error of his original direct appeal and in various motions filed after that decision was issued. *State v. Lindsay*, 5th Dist. Richland No. 2010-CA-0134, 2011-Ohio-4747 ¶¶ 32-49

{¶ 37} "Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Snyder*, 5th Dist. Tuscarawas No. 2015AP070043, 2016-Ohio-832, ¶ 26 quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

{¶ 38} Res judicata also implicitly prohibits a defendant from "re-packaging" evidence or issues that either were, or could have been, raised in the context of the petitioner's trial or direct appeal. *State v. Lawson*, 103 Ohio App.3d 307, 315, 659 N.E.2d

362 (12th Dist.1995); See also *State v. Wolfe*, 5th Dist. Delaware No. 16CAA020008, 2016-Ohio-4616, ¶ 19

{¶ 39} Appellant's sole assignment of error is overruled.

{¶ 40} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

By Wise, Earle, P.J.

Delaney, J. and

Baldwin, J. concur.

EEW/rw

[Cite as *State v. Lindsay*, 2022-Ohio-4498.]